763 P.2d 239

**STATE of Arizona, Appellee,**

v.

**Frederick KING, Appellant.**

**No. CR–86–0063–AP.**

Supreme Court of Arizona.

Sept. 22, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee (former), Dean W. Trebesch (current), Maricopa County Public Defender by John W. Rood III, Deputy Public Defender, and J. Douglas McVay, Phoenix, for appellant.

FELDMAN, Vice Chief Justice.

The jury convicted Frederick King (defendant) of the first degree murder of Pearline Brisby and of the attempted first degree murder of Linda Cutright. Defendant appeals from the judgments of guilt and the sentences imposed. We discuss the issue of whether the trial court committed fundamental error in its instructions to the jury with respect to defendant's burden of proof on the insanity defense. We have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. §§ 13-4031 and -4033. We reverse.

## FACTS

Defendant and Brisby had been involved in a long-term relationship eventually resulting in Brisby's giving birth to defendant's child. Defendant, Brisby, and the

child had lived together for a period of time, but Brisby took the child and moved away prior to the incidents at issue. Defendant and Brisby became alienated, if not hostile toward one another, and defendant acted with some degree of irrationality prior to the day in question. On the day of the crimes, defendant purchased a pistol and ammunition, and went to Brisby's workplace. In the parking lot, he began shooting at Brisby's supervisor, Cutright, seriously wounding her. When Brisby shouted and begged him not to shoot Cutright, defendant turned on her and emptied the gun into her body, killing her.

The grand jury indicted defendant on one count of first degree murder and one count of attempted first degree murder. *See* A.R.S. §§ 13–1105(A) and –1001(A). At trial, the defense was insanity. *See* A.R.S. § 13–502. Defendant offered trial testimony from two psychiatrists. One psychiatrist testified that defendant was in a disassociative state [1] at the time of the shooting, and the other testified that defendant was *M'Naghten* insane during the shooting. The state elicited opposing, though somewhat equivocal, evidence from its psychiatric witnesses.

A.R.S. § 13–502(B) governed defendant's burden of proof on the question of insanity. A defendant claiming insanity as a defense has the burden of proving his insanity by "clear and convincing" evidence. *Id.* Asserting that placing the burden of proof on him was unconstitutional, defendant objected to the court's insanity instructions on that ground only. He did not object to the wording of the individual instruction defining "clear and convincing evidence." The jury found defendant guilty, and the court sentenced him to life imprisonment without possibility of parole for twenty-five years on the first degree murder conviction and to a term of ten and one-half years on the attempted first degree murder conviction, the sentences running concurrently. *See* A.R.S. §§ 13–703, –1001(C)(1), –604, and

–701. Pursuant to A.R.S. § 13–4031, defendant filed a direct appeal in this court.

## DISCUSSION

Defendant first contends that A.R.S. § 13–502(B), which places the burden of proof of insanity on defendant, violates the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. We have recently upheld the statute against constitutional challenges. *State v. Fletcher*, 149 Ariz. 187, 192, 717 P.2d 866, 871 (1986). We see no reason to retreat from that holding or to debate the matter further.

Defendant raises a much more serious problem, however, with respect to the instruction on his burden of proof: Did the trial court commit fundamental error in its instruction on the quantum of evidence required to establish the insanity defense?

**A. Did the court err in its instruction on the clear and convincing standard?**

A defendant relying on the *M'Naghten* rule must carry his burden of proof by "clear and convincing evidence." A.R.S. § 13–502(B). The trial court instructed the jury on this quantum of evidence as follows:

> The defendant has the burden of proving that he is not responsible for criminal conduct by reason of insanity by clear and convincing evidence.
>
> To be clear and convincing, evidence should be clear in the sense that it is certain, plain to the understanding, unambiguous, and convincing in the sense that it is so reasonable and persuasive as to cause you to believe it.

Reporter's Transcript (RT) Dec. 12, 1985, at 24.

In his supplemental brief, defendant claims the trial judge erred in so instructing the jury. He argues that the instruction creates an impossible burden by requiring him to provide evidence which is "certain," "plain" and "unambiguous." If

---

1. The psychiatrist defined "disassociative state" as "the intellect, the ordinarily rational controlling judging parts of the mind … gets … disconnected … from behavior," and "[i]t's a behavior from which ordinary, wise rational judgment has been disconnected." Reporter's Transcript, Dec. 9, 1985, at 43–44, 45.

not an impossible burden, defendant continues, the instruction requires far more than should be required by the standard of "clear and convincing evidence."

Our court of appeals recently considered a similar contention and instruction. It agreed that such a definition of the standard of proof "inappropriately escalated [defendant's burden] beyond that imposed by the clear and convincing evidence standard as developed in caselaw and incorporated into A.R.S. § 13–502." *State v. Renforth*, 155 Ariz. 385, 386, 746 P.2d 1315, 1316 (Ct.App.1987), *rev. granted* Nov. 17, 1987. Quoting *In re Winship*, 397 U.S. 358, 370, 90 S.Ct. 1068, 1075–76, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring), for the proposition that factfinders can seldom if ever "acquire unassailably accurate knowledge" and, at best, "can [only] acquire ... a belief of what *probably* happened," the court held that the instruction was incorrect. *Renforth*, 155 Ariz. at 386, 746 P.2d at 1316 (emphasis in original). The court wrote that the correct definition of "clear and convincing" evidence was evidence that was "highly probable." *Id.* at 387, 746 P.2d at 1317 (citing McCORMICK, LAW OF EVIDENCE § 340, at 959–60 (3d ed. 1982), and *In re Neville*, 147 Ariz. 106, 111, 708 P.2d 1297, 1302 (1985)).

■ The state argues that the *Renforth* decision confuses the "highly probable" definition used in civil cases with the so-called "traditional" test for *M'Naghten* insanity, a test requiring a degree of certainty best described as "clear" evidence. We are unpersuaded by this argument. We see no good and much harm coming from adopting differing definitions of "clear and convincing evidence" for use in civil cases (including those involving fraud, punitive damage issues and other quasi-criminal questions) and cases involving criminal law. Nor do we find any authority for the proposition that the "clear and convincing" standard is given a different definition in criminal cases than that followed in civil cases.

■ The state also argues that the instruction given in the case at bench more clearly embodies the legislative intent in enacting A.R.S. § 13–502(B) than the "highly probable" formulation found in *Neville*. Again we disagree. The legislature certainly intended to adopt the "strictest possible approach to the insanity defense." Arizona State Senate, Minutes of the Committee on the Judiciary (Discussion of S.B. 1120), 36 Leg. 1st Sess., Jan. 25, 1983, at 2. Undoubtedly, these sentiments pertain to the retention of the *M'Naghten* rule *per se* and the shifting of the burden of proof to the defendant.[2] Absent some explicit statement by the legislature with respect to a specific formulation of the clear and convincing definition, we find it hard to believe that the legislature intended to adopt the definition contained in the instruction given in this case—a definition bearing little, if any, relation to reality. Indeed, the legislative history indicates the senate judiciary subcommittee realized that the "clear and convincing" standard was an intermediate standard, and found the "beyond a reasonable doubt" standard "too strict" a standard to place upon a defendant claiming insanity. Final Report of the Senate Judiciary Interim Subcommittee on the Insanity Defense, Dec. 28, 1982, at 14. We approve, therefore, the following views of the court of appeals:

> Among the common definitions of "certain" are "not to be doubted as a fact: indisputable" and "given to or marked by complete assurance and conviction, lack of doubt, ... as if through infallible knowledge or perception...." [citation omitted] To convince a fact finder to this degree clearly requires a greater intensity of proof than to convince that a proposition is highly probable. The use

---

2. The *M'Naghten* rule has been the test for criminal insanity in Arizona since 1942, and probably longer. *See State v. Macias*, 60 Ariz. 93, 99, 131 P.2d 810, 813 (1942) (and cases cited). The legislature once considered · abandoning the *M'Naghten* rule altogether. *See* Final Report of the Senate Judiciary Interim Committee on the Insanity Defense, Dec. 28, 1982, at 13–15. In

enacting S.B. 1120, however, the legislature retained the *M'Naghten* rule and merely shifted the burden of proof from the state, which had to prove beyond a reasonable doubt that a defendant was sane once the defendant produced sufficient evidence casting doubt on his sanity, to the defendant who now must prove his insanity by clear and convincing evidence.

of the term "certain" is so likely to mislead in defining clear and convincing evidence that, rather than attempting to parse degrees of certainty on a scale from reasonable to moral to absolute, we would avoid its usage altogether.

The error of defining clear and convincing evidence as "certain" was compounded in this case by further definition as "unambiguous." "Ambiguity" is "the condition of admitting of two or more meanings, of being understood in more than one way...." [citation omitted] Few things in law are unambiguous, least of all the question whether a defendant's lack of understanding of the nature and quality of his acts renders him not responsible by reason of insanity. The defendant in this case was not required to eliminate ambiguity from his proof or to instill certainty in the minds of the jurors. His lesser burden was to persuade the jury that his position on the psychiatric issue was highly probable.

*Renforth,* 155 Ariz. at 388, 746 P.2d at 1318. As the court of appeals demonstrates, defining "clear and convincing" as "certain" and "unambiguous" comes perilously close to the beyond a reasonable doubt standard, a standard expressly rejected by the subcommittee as "too strict." Final Report, *supra,* at 14.

The state further argues that any isolated error in the "clear and convincing" instruction was cured by a subsequent instruction on the state's burden of proof beyond a reasonable doubt which, *inter alia,* informed the jury that

[t]he burden of proof beyond a reasonable doubt is a greater burden of proof than the burden of proof by clear and convincing evidence.

RT, Dec. 12, 1985, at 25.

■ We acknowledge, of course, that the instructions must be considered as a whole. *State v. Schrock,* 149 Ariz. 433, 440, 719 P.2d 1049, 1056 (1986). We do not believe,

however, that informing the jury that proof beyond a reasonable doubt is a greater burden than proof by clear and convincing evidence cures an explicit instruction that at some length, and in minute detail, erroneously explains just what is meant by "clear and convincing."

In advancing its argument on this point, the state relies on *State v. Turrentine,* 152 Ariz. 61, 730 P.2d 238 (Ct.App.1986). We believe *Turrentine* actually demonstrates the contrary of the state's proposition. In *Turrentine,* the court of appeals held that the following instruction was not erroneous:

Clear and convincing evidence is that ... degree of proof that will produce ... a firm belief or conviction.... It is intermediate, being more than a mere preponderance of evidence, but not to the extent of such certainty as required with proof beyond a reasonable doubt.

*Id.* at 68, 730 P.2d at 245.

The instruction now before us utilized the term "certainty" in defining the clear and convincing standard, while the *Turrentine* instruction used "certainty" to define beyond a reasonable doubt. We believe that "certainty" is truer to the concept of proof beyond a reasonable doubt than to the "highly probable" meaning of the clear and convincing standard. Likewise, a "firm belief or conviction" is truer to the clear and convincing standard than a definition equating clear and convincing with "certain, plain ... unambiguous" evidence. Moreover, the instructions before us today, taken as a whole, are much more susceptible to erroneous interpretation than the *Turrentine* instruction quoted above. *See Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977) (a misstatement of the law in an erroneous instruction is more likely to prejudice the defendant than a mere omission of an instruction).[3]

■ We hold that the trial court erred in giving the instructions it did in the case at

---

3. The state also cites *Henderson* for the proposition that "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." Appellee's Supplemental Answering Brief at 1 (quoting *Henderson,*

431 U.S. at 154, 97 S.Ct. at 1736). We note that this particular statement was made in the habeas corpus context, and that the Supreme Court itself realized criminal defendants seeking federal habeas relief from a state court conviction must meet a greater burden than a defendant

bench. In this context, the better instruction would inform a jury that clear and convincing evidence is evidence that makes the existence of the issue propounded "highly probable." *Neville*, 147 Ariz. at 111, 708 P.2d at 1302.

## B. Was the error fundamental?

Defendant's trial counsel failed to object to the wording of the "clear and convincing" instruction, and the record does not disclose that trial counsel suggested alternative language. Normally, the failure to object to alleged errors in instructions constitutes a waiver of the error. Rule 21.3(c), Ariz.R.Crim.P., 17 A.R.S. Nevertheless, defendant argues that the instructional error was fundamental in nature, making the waiver rule inapplicable. *See State v. Zaragoza*, 135 Ariz. 63, 66, 659 P.2d 22, 25, *cert. denied*, 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1356 (1983).

Error is fundamental when it reaches " 'the foundation of the case or takes from the defendant a right essential to his defense,' " or is an " 'error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial.' " *State v. Thomas*, 130 Ariz. 432, 435–36, 636 P.2d 1214, 1217–18 (1982) (quoting *State v. Gamble*, 111 Ariz. 25, 26, 523 P.2d 53, 54 (1974), and *State v. Smith*, 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977)). Fundamental error, of course, does not occur in the abstract. After determining that *an error* occurred at trial, "the prejudicial nature of

the unobjected-to error must be evaluated in light of the entire record" before the error can be labeled as fundamental. *Thomas*, 130 Ariz. at 436, 636 P.2d at 1218 (citing *State v. Pulliam*, 87 Ariz. 216, 349 P.2d 781 (1960), *overruled on other grounds*, *State v. Cobb*, 115 Ariz. 484, 566 P.2d 285 (1977)). Only when the unobjected-to error may have "contribut[ed] to or significantly affect[ed] the verdict" is fundamental error present and reversal required, notwithstanding the lack of an objection below.[4] *Thomas*, 130 Ariz. at 436, 636 P.2d at 1218 (citations omitted).

Ordinarily, errors in jury instructions defining a party's burden of proof are considered fundamental.

> The very purpose of a jury charge is to flag the jurors' attention to concepts that must not be misunderstood, such as reasonable doubt and burden of proof. [citation omitted] It is vital that the jury not misunderstand the concept of the defendant's burden of proof on self defense; the jury must be instructed with great care to prevent the misunderstanding of this concept.

*State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984) (quoting *State v. Denny*, 119 Ariz. 131, 134, 579 P.2d 1101, 1104 (1978)); *see also State v. Tittle*, 147 Ariz. 339, 342, 710 P.2d 449, 452 (1985) (similar holding on justification instruction); *Renforth*, 155 Ariz. at 388, 746 P.2d at 1318 (insanity defense).[5]

The state argues that our cases involving formulation of the burden of proof in the

seeking fundamental error relief on direct appeal. *Henderson*, 431 U.S. at 154, 97 S.Ct. at 1736–37. Further, the footnote contained in the quoted statement reveals that the Court was only concerned about reversing cases for erroneous, unobjected-to instructions that were "not obviously prejudicial." *Id.* at 154 n. 12, 97 S.Ct. at 1763 n. 12.

**4.** Under this formulation, a harmless error is not fundamental. We recognize that some of this court's decisions have bifurcated the fundamental error analysis into a fundamentalness aspect and a harmlessness aspect. *See Thomas*, 130 Ariz. at 436 n. 1, 636 P.2d at 1218 n. 1. Thus, some decisions have first found error, labeled it fundamental, and then applied the harmless error analysis. *See, e.g., State v. Henley*, 141 Ariz. 465, 468–69, 687 P.2d 1220, 1223–24 (1984); *State v. Sorrell*, 132 Ariz. 328, 330,

645 P.2d 1242, 1244 (1982); *State v. Anderson*, 110 Ariz. 238, 241, 517 P.2d 508, 511 (1973); *State v. Shing*, 109 Ariz. 361, 365, 509 P.2d 698, 702 (1973). We believe the end result is the same. Both analyses mandate reversal where the trial court has committed significant error, a party failed to object to that error, and, in light of the entire record, that error casts doubt on the integrity of the verdict.

**5.** *See also Commonwealth v. Noble*, 371 Pa. 138, 142, 88 A.2d 760, 762–63 (1952) (trial judge's error in stating defendant's burden of proof on insanity defense was "basic, fundamental and reversible error"); ABA, *Standards Relating to Trial by Jury § 15–3.6(d)*, commentary at 15–107 (1986) (describing burden of proof instructions as "essential and not amenable to the waiver rule"); *cf. State v. Preyer*, 198 Conn. 190, 199–

justification defense context are inapplicable to the case at bench, which involves a formulation of the burden of proof in the insanity defense context. Due process requires the state to carry the burden of persuasion to disprove beyond a reasonable doubt any justification defense once there is sufficient evidence supporting a justification instruction. The distinction, according to the state, is that an insanity issue is a pure affirmative defense, so that a defendant carries both the burden of production and persuasion and may completely waive the defense by failing to raise the issue. *See* Appellee's Supplemental Answering Brief at 2–3. More simply, the state argues that because defendant could have waived an insanity defense at trial, he cannot be allowed to claim any issue concerning that defense as fundamental error on appeal.

■ The state's argument misses the mark. The point is that defendant did raise insanity as a defense.[6] By so doing, he effectively admitted the criminal act, for all practical purposes leaving only one factual issue in the case—the question of his sanity. Given the divided psychiatric evidence, the case hinged entirely upon whether defendant had carried his burden of proving insanity. Where, under the facts of the case, the error affects the primary or sole issue, we are likely to find fundamental error. *See State v. Allen*, 157 Ariz. 165, 178, 755 P.2d 1153, 1166 (1988) (where hearsay evidence is erroneously admitted without objection and constitutes the only competent evidence of the crime, the admission is constitutional, fundamental error). Consequently, it was peculiarly important that the trial court's instructions on the insanity issue be correct. Unfortunately, the instruction required defendant to shoul-

der the almost impossible burden of producing psychiatric evidence that would be both "certain" and "unambiguous" before he could prevail on the primary issue in the case.

We conclude, therefore, that the instruction materially misstated defendant's burden on the primary issue; it went, necessarily, to the very heart and foundation of defendant's case, damaging that case on a matter essential to the defense and casting doubt on the integrity of the verdict. *Hunter*, 142 Ariz. 88, 688 P.2d 980. This situation falls within our traditional tests for finding fundamental error. *See id; Zaragoza*, 134 Ariz. 63, 659 P.2d 22; *Thomas*, 130 Ariz. 432, 636 P.2d 1214.

■ We do not believe, moreover, that the trial court helped the fundamental error problem or rendered it "harmless" by noting for the jury that the clear and convincing standard is a lesser burden of proof than the state's burden of proving all the elements of the crime beyond a reasonable doubt. First, the erroneous instruction went to the defendant's burden, not the state's. Second, one isolated, non-definitional comparison of the two burdens, in light of the lengthy, erroneous definition of "clear and convincing," cannot be said to have sufficiently apprised the jury of the significant difference between the two standards. In effect, the jury was instructed that both parties had a high burden of proof, but it was then given the wrong formula to apply to defendant's evidentiary burden on the primary issue in the case. At best, taken as a whole, the instructions were confusing and misleading. Long ago we stated,

It is the duty of the court to give the jury the rules of law to guide their deliberations and determinations, and these

200, 502 A.2d 858, 861–63 (1985) (trial court's erroneous instruction on defendant's affirmative defense constitutes "plain error" addressable on appeal despite lack of trial objection); *Omaha Mining Co., Inc. v. First National Bank of Bellevue*, 226 Neb. 743, 750, 415 N.W.2d 111, 115 (1987) (trial court's failure to adequately instruct on defendant's affirmative defense reversible as plain error).

**6.** Once a defendant raises an affirmative defense such as insanity, it is appropriate for this court to determine whether there was funda-

mental error in the implementation of that defense. As the state points out, however, complete failure to raise any affirmative defenses at the appropriate time in trial court results in waiver of those defenses. *United States v. Wild*, 551 F.2d 418 (D.C.Cir.1977) (statute of limitations defense must be raised or it is waived), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1978); *State v. Gonzales*, 27 Ariz. App. 308, 554 P.2d 904 (1976) (speedy trial violation must be timely asserted or it is waived).

rules must not be at such cross purposes as to confuse and mislead the jury. If the instructions are contradictory upon the main point in question, how is the jury to know which to follow, or which is a correct statement of the law? *Hurley v. State*, 22 Ariz. 211, 222, 196 P. 159, 163 (1921). Here the instructions were contradictory and confusing upon a main point in issue: Defendant's burden of proof of his insanity. In this instance, it was the jury *instructions* that needed to be "certain" and "unambiguous," not defendant's quantum of proof.

Thus, given the closely divided psychiatric evidence in this case,[7] and the fact that insanity was the primary defense, we cannot say that beyond a reasonable doubt the error did not contribute to or affect the verdict. *Thomas*, 130 Ariz. at 436, 636 P.2d at 1218 (citations omitted); and *see State v. McVay*, 127 Ariz. 450, 453, 622 P.2d 9, 12 (1981) (harmless error test—can we say beyond a reasonable doubt that the error did not affect jury verdict—is not restricted to constitutional error); *State v. Sorrell*, 132 Ariz. 328, 330, 645 P.2d 1242, 1244 (1982) (harmless error doctrine applies to fundamental error).[8]

## CONCLUSION

We hold, therefore, that the trial court erred in its definition of defendant's burden of proof, and that the error was fundamental and not cured or rendered "harmless." The correct instruction would have apprised the jury that the clear and convincing standard is an intermediate standard, between proof beyond a reasonable doubt and proof by a preponderance of the evidence, and that clear and convincing evidence is evidence that makes the existence of the issue propounded "highly probable." *Neville*, 147 Ariz. at 111, 708 P.2d at 1302. We leave to the trial court the precise wording to be used. We do not intimate that any formula other than that set forth in this text is necessarily erroneous.

7. We note that this is defendant's second trial on this cause, the first jury being unable to reach a verdict.

8. At one time there was a question whether the "contributing to or affecting the verdict" standard applied in all cases. *See* Cameron & Os-

The conviction is reversed, and the cause remanded for a new trial consistent with this opinion. The disposition of this case makes it unnecessary to consider the other issues raised by defendant.

GORDON, C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.

born, *When Harmless Error Isn't Harmless*, 1971 LAW & SOCIAL ORDER 23, 27. Justice Cameron's opinion for this court has settled that question in favor of applying the affecting the verdict standard. *McVay*, 127 Ariz. 450, 622 P.2d 9; *Sorrell*, 132 Ariz. 328, 645 P.2d 1242.