895 P.2d 1006

**STATE of Arizona, Appellee,**

v.

**Preston Lee JONES, Appellant.**

**No. 1 CA–CR 92–1856.**

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 10, 1994.

Reconsideration Denied Dec. 30, 1994.

Review Denied May 23, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals

Section, and Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Presiding Judge.

This appeal arises from the Appellant/Defendant's conviction for possession of dangerous drugs for sale. The question presented is whether the trial judge gave a constitutionally-deficient reasonable doubt instruction.

In June of 1987, the Phoenix Police learned from a confidential informant that the Defendant might be in possession of methamphetamine. Surveillance added to their suspicions. After the police saw the Defendant, carrying a suitcase, leave a motel room where the informant had seen him in possession of a pound of methamphetamine, the Defendant was arrested. The methamphetamine was found in the suitcase.

The case went to trial and in closing argument, defense counsel asserted that the confidential informant, to curry favor with the police, had set up the Defendant by placing the drugs in the Defendant's suitcase. Counsel emphasized the undoubted fact that the informant was an unsavory character with a history of trouble with the police and that the case against the Defendant was not overwhelming. All of this, he argued, created a reasonable doubt as to whether the Defendant was guilty. At the conclusion of closing arguments, the trial judge, without objection from defense counsel, gave the following jury instruction on reasonable doubt:

> The law does not require a defendant to prove his innocence. Every defendant is presumed by law to be innocent. The State must prove the defendant guilty beyond a reasonable doubt. This means the State must prove each element of the charge beyond a reasonable doubt.

> A reasonable doubt is a doubt based upon reason and common sense that may arise after careful and impartial consideration of all the evidence, or from the lack of evidence. Proof beyond a reasonable

doubt is *proof that leaves you firmly convinced that the defendant is guilty.*

> If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.

> On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt the defendant is guilty, it is your duty to find the defendant guilty. [Emphasis added.]

The Defendant now argues that the statement, "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty," is akin to instructing the jury that they may find a defendant guilty upon the lesser standard of clear and convincing evidence rather than upon proof beyond a reasonable doubt. He claims that giving such an instruction was fundamental error requiring reversal of his conviction.

■ The State must prove beyond a reasonable doubt every element of the offense charged. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). If a trial court gives a constitutionally-deficient reasonable doubt instruction, the defendant has been denied his or her Sixth Amendment right to a jury trial and the conviction must be reversed. *Sullivan v. Louisiana,* — U.S. ——, ——, ——, 113 S.Ct. 2078, 2081, 2083, 124 L.Ed.2d 182 (1993). In such a case, a harmless error analysis is inappropriate. *Id.* Furthermore, in determining whether the reasonable doubt instruction was constitutionally deficient, the question is whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard of proof beyond a reasonable doubt. *Victor v. Nebraska,* — U.S. ——, ——, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994).

*Victor v. Nebraska* was consolidated in the Supreme Court with *Sandoval v. California,* both of which dealt with the sufficiency of reasonable doubt instructions. In *Victor,* the trial judge told the jury that the state had to

prove all the elements of the crime beyond a reasonable doubt and then stated:

> Reasonable doubt is such a doubt as would cause a reasonable and prudent person, in one of the graver and more important transactions of life, to pause and hesitate before taking the represented facts as true and relying and acting thereon. It is such a doubt as will not permit you, after full, fair, and impartial consideration of all the evidence, to have an abiding conviction, *to a moral certainty,* of the guilt of the accused. At the same time, absolute or mathematical certainty is not required. You may be convinced of the truth of a fact beyond a reasonable doubt and yet be fully aware that possibly you may be mistaken. You may find an accused guilty upon the *strong probabilities of the case,* provided such probabilities are strong enough to exclude any doubt of his guilt that is reasonable. A reasonable doubt is an *actual and substantial doubt* arising from the evidence, from the facts or circumstances shown by the evidence, or from the lack of evidence on the part of the state, as distinguished from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture.

— U.S. at ——, 114 S.Ct. at 1249 (emphasis added). In *Sandoval,* the instruction defined reasonable doubt as follows:

> It is *not a mere possible doubt;* because everything relating to human affairs, and *depending on moral evidence,* is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, *to a moral certainty,* of the truth of the charge.

*Id.* at ——, 114 S.Ct. at 1244 (emphasis added). While the Supreme Court did not particularly like either instruction, it held in both instances that there was no reasonable likelihood that the juries would have interpreted the instructions to find guilt upon evidence insufficient to meet the reasonable

doubt standard. *Id.* at ——, ——, 114 S.Ct. at 1248, 1250.

Although neither instruction in *Victor* involved the same language that is in issue in the present case, we think the instructions which passed constitutional muster in *Victor* were far more likely to be misinterpreted by a jury than the "firmly convinced" instruction the trial court used in the case now before us. For example, instructing a jury that they may "find an accused guilty upon the *strong probabilities of the case,*" and that a reasonable doubt is an *"actual and substantial doubt "* seems to us to require a lesser showing of guilt than explaining to the jury that they must be "firmly convinced" of the defendant's guilt.

If that were not enough, Justice Ginsburg's concurrence in *Victor* strongly supports our conclusion. She discussed the desirability of defining reasonable doubt and gave an example of what she believed was a succinct and comprehensive definition of the term.[1] The definition she recommended was "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt." *Victor,* —— U.S. at ——, 114 S.Ct. at 1253 (Ginsburg, J., concurring). This is identical to the definition of which the Defendant complains in the case before us.

The Defendant argues, however, that the Arizona Supreme Court has associated the term "firmly convinced" with mere clear and convincing evidence. He relies on *State v. King,* 158 Ariz. 419, 763 P.2d 239 (1988), in which the defense to a charge of murder was that the defendant was insane at the time of the offense. Under the statute, the burden was on the defendant to prove, by clear and convincing evidence, that he was insane. The trial court gave the following instruction:

> To be clear and convincing, evidence should be clear in the sense that it is certain, plain to the understanding, unambiguous, and convincing in the sense that it is so reasonable and persuasive as to cause you to believe it.

*Id.* at 421, 763 P.2d at 241. The defendant in *King* argued that requiring him to prove that the evidence was "certain," "plain" and "un-

---

1. The question whether it is necessary to define reasonable doubt in a jury instruction is current-

ly pending before the Supreme Court of Arizona in *State v. Portillo,* Sup.Ct. No. CR 94–0155–PR.

ambiguous" required a higher burden of proof than was necessary to meet the clear and convincing standard.

In accepting the appellant's argument, the supreme court referred to a clear and convincing instruction from *State v. Turrentine*, 152 Ariz. 61, 730 P.2d 238 (App.1986), which defined clear and convincing evidence as "that ... degree of proof that will produce ... a *firm belief or conviction*...." (emphasis added). The court stated:

> We believe that "certainty" is truer to the concept of proof beyond a reasonable doubt than to the "highly probable" meaning of the clear and convincing standard. Likewise, a "firm belief or conviction" is truer to the clear and convincing standard than a definition equating clear and convincing with "certain, plain ... unambiguous" evidence.

*King*, 158 Ariz. at 423, 763 P.2d at 243.

While we acknowledge that the "firm belief or conviction" language interpreted in *King* might be equated with the "firmly convinced" language used in the case before us, we do not find *King* controlling in the present case. *King* involved the review of a clear and convincing instruction rather than a reasonable doubt instruction. Thus, the *King* court did not really decide that there was a reasonable likelihood that a jury would understand the "firmly convinced" language, as used in the case before us, as requiring less proof than that required for the reasonable doubt standard. It is entirely possible for two seemingly consistent phrases to take on different connotations depending upon the context in which they are used. We are satisfied that "firmly convinced," as used in the instruction in this case, as opposed to how "firm belief or conviction" was used in *Turrentine,* sufficiently expressed the burden of proof required for the reasonable doubt standard. *See Francis v. Franklin,* 471 U.S. 307, 316, 105 S.Ct. 1965, 1972, 85 L.Ed.2d 344 (1985) (explaining that in construing an instruction, a court must consider how reasonable jurors would have understood the charge as a whole).

■ In other words, we do not think that requiring a jury to be "firmly convinced" of the defendant's guilt before convicting clearly creates a lesser burden of proof than the reasonable doubt standard requires. To say, as the supreme court did, that "a firm belief or conviction" is "truer to the clear and convincing standard" is not to say that "firmly convinced," as used in this case, is *so untrue* to the concept of proof beyond a reasonable doubt as to be constitutionally infirm. Accordingly, there is no a reasonable likelihood that the jury in this case understood the instruction, taken as a whole, to allow conviction based on proof insufficient to meet the reasonable doubt standard.

Affirmed.

WEISBERG and EHRLICH, JJ., concur.