[No. B145692. Second Dist., Div. Six. Sept. 27, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIME BANDAL MABINI, Defendant and Appellant.

## COUNSEL

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Marc E. Turchin, Acting Chief Assistant Attorneys General, John R. Gorey and Catherine T. Okawa, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, Acting P. J.**—Jaime Bandal Mabini appeals from the judgment entered following his conviction by jury on two counts of committing a lewd act upon a child. (Pen. Code, § 288, subd. (a).)[1] He was sentenced to prison for eight years.

The counts involved different victims: Sheila R. and Kayla C. Appellant challenges his conviction only on the count involving Sheila R. The generally applicable six-year statute of limitations (§ 800) had expired on this charge. However, the jury found true the allegation that the charge had been timely filed under section 803, subdivision (g). This statute requires, inter alia, that the victim's testimony be clearly and convincingly corroborated by independent evidence. (§ 803, subd. (g)(2)(B), hereafter the corroboration requirement.) Appellant contends that the evidence is insufficient to support the true finding because Sheila R.'s testimony was not adequately corroborated. In addition, he argues that the trial court erroneously instructed the jury on the standard of proof applicable to the corroboration requirement. We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

*Facts*

Sheila R. was born in 1983. Appellant, her grandfather, lived in the same house with her from 1991 to 1994. From the age of eight until Sheila R. was 10 or 11 years old, appellant frequently touched her thigh and vaginal area while she was inside the house. At night when Sheila R. was sleeping, appellant would pull down her underpants and put his finger inside her vagina. Appellant would say: "Don't tell the teachers and don't tell your parents." One time appellant pushed her to the floor while trying to kiss her.

Kayla C., Ria R., Erin D., and Roselyn R. were Sheila R.'s cousins. In 1994 when Kayla C. was six years old, appellant put his hand inside her underpants and rubbed her vaginal area. The incident occurred on a pathway in the front yard of Sheila R.'s house.

Ria R. was born in 1983. When she was seven years old, appellant grabbed her outside Sheila R.'s house, tried to put his tongue inside her mouth, and touched her vaginal area over her clothing. On three to five other occasions at Sheila R.'s house, appellant touched Ria R.'s vaginal area.

Erin D. was born in 1983. When she was between the ages of seven and eight years old, appellant touched her vaginal area on two or three occasions at Sheila R.'s house. Appellant warned Erin D. not to "tell anyone."

Roselyn R. was born in 1981. At Sheila R.'s house when Roselyn R. was 10 years old, appellant touched Roselyn R.'s breasts and vaginal area and put his tongue inside her mouth. Appellant said: "Don't tell anyone about this or you [will] get in trouble[.]" After the incident, appellant touched Roselyn R. whenever they were alone at Sheila R.'s house.

*Corroboration by Similar Offenses Against an Uncharged Victim*

 Section 803, subdivision (g), permits the filing of a section 288 charge after the expiration of the six-year statute of limitations if (1) the filing occurs within one year of the victim's report of the crime to law enforcement; (2) the crime involves "substantial sexual conduct," and (3) "there is independent evidence that clearly and convincingly corroborates the victim's allegation." (§ 803, subd. (g)(1), (2)(A) & (B).)

To satisfy the corroboration requirement, the People introduced evidence that appellant had committed similar sexual offenses against Kayla C., Ria R., Erin D., and Roselyn R. The prosecution requested an instruction that would have allowed the jury to consider all of these offenses as corroborating evidence. The trial court, however, modified the instruction and told the

jury that it could find the section 803, subdvision (g), allegation true only if "[t]here is independent evidence in this case *by Kayla C.* that clearly and convincingly corroborates the victim's allegation . . . ." (Italics added.)

The court so instructed because the information alleged: "[T]here is independent evidence that clearly and convincingly corroborates the victim's allegation, to wit: the statements of Kayla C., that she was sexually molested by the Defendant." By this language, the People pleaded themselves into an unnecessary corner. Section 803, subdivision (g), does not require the prosecution to plead the identity of every witness it intends to call at trial to satisfy the corroboration requirement.

Appellant benefited from the instruction's strict adherence to the language of the information. ■ "We presume absent contrary indications that the jury was able to follow the court's instructions." (*People v. Pinholster* (1992) 1 Cal.4th 865, 919 [4 Cal.Rptr.2d 765, 824 P.2d 571].) ■ The jury, therefore, is presumed to have considered only the offense against Kayla C. in determining whether the corroboration requirement was satisfied.

Appellant contends that Kayla C.'s testimony, standing alone, was insufficient to corroborate the true finding on the section 803, subdivision (g), allegation. Appellant argues that evidence of other sexual offenses can provide the required corroboration only if the offenses were committed against the same victim whose allegation must be corroborated. The corroboration here was based exclusively on appellant's commission of another offense against a different victim (hereafter uncharged victim).

In *People v. Yovanov* (1999) 69 Cal.App.4th 392, 404 [81 Cal.Rptr.2d 586], the court concluded: "Given the significant probative value of uncharged sexual misconduct in sex crimes cases, . . . evidence of such can be used to corroborate a victim's allegation of sexual abuse under section 803(g)." The court rejected the defendant's contention that sexual misconduct against an uncharged victim cannot provide the requisite corroboration: ". . . Yovanov baldly asserts, 'Evidence of other conduct, such as uncharged acts with another person, cannot corroborate the claimed sexual abuse.' We reject this assertion." (*Id.* at p. 403.) The court noted that "the precise probative value to be accorded this evidence will depend on various considerations, such as the frequency of the uncharged acts and their similarity and temporal proximity to the charged acts. [Citation.]" (*Id.* at p. 404; see also *People v. Garcia* (2001) 89 Cal.App.4th 1321, 1331-1332 [107 Cal.Rptr.2d 889].) Because other independent facts supported the victim's allegation in *Yovanov*, the court declared that it "need not decide whether the evidence of [the defendant's] uncharged sexual misconduct, standing

alone, would constitute clear and convincing corroborative evidence . . . ." (*People v. Yovanov, supra,* 69 Cal.App.4th at p. 404.)

Unlike the court in *Yovanov,* we must decide whether evidence of appellant's sexual misconduct against an uncharged victim, standing alone, constitutes sufficient corroboration. "A trial is a search for the truth. [Citations.]" (*People v. Zack* (1986) 184 Cal.App.3d 409, 415 [229 Cal.Rptr. 317].) Nothing in Penal Code section 803, subdivision (g), precludes the People from proving the corroboration requirement solely with evidence of a similar offense committed against an uncharged victim. "Except as otherwise provided by statute, all relevant evidence is admissible." (Evid. Code, § 351.) Evidence of similar offenses against an uncharged victim has a tendency in reason to prove a disputed fact that is of consequence to the determination of the section 803, subdivision (g), issue. (Evid. Code, § 210.) Consequently we hold that such evidence, if credited by the trier of fact, may standing alone constitute independent evidence that clearly and convincingly corroborates the victim's allegation.

We review the record in the light most favorable to the judgment to determine whether a reasonable trier of fact could find that Sheila R.'s allegation was clearly and convincingly corroborated by evidence of appellant's molestation of Kayla C. (See *In re Angelia P.* (1981) 28 Cal.3d 908, 924 [171 Cal.Rptr. 637, 623 P.2d 198].) We conclude that a reasonable trier of fact could so find. The offenses committed against Sheila R. and Kayla C. shared many similarities. Like Sheila R., Kayla C. was related to appellant. The offenses occurred at Sheila R.'s house during the three-year period that appellant was residing there. The girls were similar in age when they were molested. Moreover, the offenses involved similar behavior. Appellant touched the vaginal area of both girls. Accordingly, Kayla C.'s testimony, standing alone, constitutes sufficient corroboration to support the true finding on the section 803, subdivision (g), allegation.

### *Clear and Convincing Standard*

▮ Appellant contends that the trial court erroneously instructed the jury on the meaning of "clear and convincing evidence." Following the language of BAJI No. 2.62, the court instructed: "Clear and convincing evidence of the corroboration means evidence of such convincing force that demonstrates, in contrast to the opposing evidence, a high probability of truth of the facts for which it is offered as proof. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence." Appellant argues that the trial court should have instructed, sua sponte, pursuant to the following dicta from *People v. Yovanov, supra,* 69

Cal.App.4th at page 402: "[C]lear and convincing evidence denotes proof that is clear, explicit, and unequivocal and leaves no substantial doubt."

The short answer to appellant's contention is that an instruction incorporating the *Yovanov* dicta was not " ' "necessary for the jury's understanding of the case." [Citation.]' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) Thus, there was no sua sponte duty to so instruct the jury. There is also a long answer.

Until today, no appellate court has considered whether BAJI No. 2.62 is a correct jury instruction in criminal actions. Decisional law in civil actions is inconsistent. Three cases have upheld BAJI No. 2.62. (*Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1165 [74 Cal.Rptr.2d 510]; *Mattco Forge, Inc. v. Arthur Young & Co.*(1997) 52 Cal.App.4th 820, 847-850 [60 Cal.Rptr.2d 780]; *Roberts v. Ford Aerospace & Communications Corp.* (1990) 224 Cal.App.3d 793, 804 [274 Cal.Rptr. 139].) Three cases have criticized the instruction. (*Mock v. Michigan Millers Mutual Ins. Co.* (1992) 4 Cal.App.4th 306, 332-333, & fn. 29 [5 Cal.Rptr.2d 594]; *In re Marriage of Weaver* (1990) 224 Cal.App.3d 478, 487, fn. 8 [273 Cal.Rptr. 696]; *DuBarry Internat., Inc. v. Southwest Forest Industries, Inc.* (1991) 231 Cal.App.3d 552, 566, fn. 19 [282 Cal.Rptr. 181].) All of the criticisms were dicta from the same court that later decided *Mattco Forge, Inc. v. Arthur Young & Co., supra,* 52 Cal.App.4th 820. In *Mattco Forge* the court rejected its previous criticisms, noting that "[d]icta is not authority upon which we can rely. [Citation]." (*Id.* at p. 850, fn. omitted.) The court observed, "The last case was decided in 1992, and BAJI No. 2.62 has been in continual use before and after. That state of affairs, and further reflection, has caused a change in our stance." (*Mattco Forge, Inc.,* at p. 850, fn. 16.) In view of the conflict in the case law, the proper meaning of "clear and convincing evidence" can be settled only by our Supreme Court.

If BAJI No. 2.62 is a correct instruction in civil actions, there is no compelling reason for applying a different definition of "clear and convincing evidence" in jury instructions in criminal actions. In enumerating the different burdens of proof, the Evidence Code draws no distinction between civil and criminal actions: "The burden of proof may require a party to . . . establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt." (Evid. Code, § 115; see also *id.,* § 502.) Nothing in Penal Code section 803, subdivision (g), suggests that the legislature intended the "clear and convincing" standard to impose a stricter burden of proof than in civil actions.

The *Yovanov* dicta, however, imposes a stricter burden of proof than BAJI No. 2.62. *Yovanov* relies on dicta in two California Supreme Court cases:

*People v. Martin* (1970) 2 Cal.3d 822 [87 Cal.Rptr. 709, 471 P.2d 29], disapproved on other grounds in *People v. Chojnacky* (1973) 8 Cal.3d 759, 764 [106 Cal.Rptr. 106, 505 P.2d 530]; and *People v. Caruso* (1968) 68 Cal.2d 183 [65 Cal.Rptr. 336, 436 P.2d 336]. (*People v. Yovanov, supra,* 69 Cal.App.4th at p. 402.) Both Supreme Court opinions concern the admissibility of in-court identifications of defendants after suggestive lineups. In *Martin,* the Supreme Court quoted the following language from *People v. Caruso, supra,* at page 190: " ' "The phrase, 'clear and convincing evidence' has been defined as 'clear, explicit, and unequivocal,' 'so clear as to leave no substantial doubt,' and 'sufficiently strong to demand the unhesitating assent of every reasonable mind.' " [Citation.]' [Citation.]" (*People v. Martin, supra,* 2 Cal.3d at p. 833, fn. 14.) These Supreme Court cases did not decide how the standard should be defined in jury instructions.

Our Supreme Court later approved similar language in *In re Angelia P., supra,* 28 Cal.3d at page 919: "This standard [clear and convincing evidence] is not new. We described such a test, 80 years ago, as requiring that the evidence be ' "so clear as to leave no substantial doubt"; "sufficiently strong to command the unhesitating assent of every reasonable mind." ' [Citation.] It retains validity today. [Citation.]" (*Ibid.*) But these statements are also dicta. The issue in *Angelia P.* was which standard of proof should apply in a proceeding to terminate parental rights. The court adopted the standard of clear and convincing evidence. (*In re Angelia P., supra,* 28 Cal.3d at p. 913.) It again did not decide how that standard should be defined in jury instructions.

We certainly understand why the Supreme Court referred to the more stringent definition of "clear and convincing evidence" in fashioning prophylactic rules to safeguard against tainted identification procedures and unwarranted termination of parental rights. By contrast, here, there is no need for the more stringent definition. Section 803, subdivision (g), concerns only the statute of limitations. ■ When a statute of limitations issue goes to the jury in a criminal action and the statute is silent on the applicable burden of proof, "[t]he proper burden is a preponderance of the evidence . . . ." (*People v. Zamora* (1976) 18 Cal.3d 538, 565, fn. 27 [134 Cal.Rptr. 784, 557 P.2d 75].)

Although the more stringent language of *Angelia P.* is understandable in the context of its facts, the *Mattco Forge* court respectfully criticized the language as imposing "a burden approaching the criminal burden, proof beyond a reasonable doubt." (*Mattco Forge, Inc. v. Arthur Young & Co., supra,* 52 Cal.App.4th at p. 849.) The court noted that CALJIC No. 2.90 defines "reasonable doubt" as " 'not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt.

It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.' [Citations.]" (*Mattco Forge, Inc., supra*, 52 Cal.App.4th at p. 849.) The court concluded: "There is essentially no difference between requiring proof that 'leaves no substantial doubt' and that 'commands the unhesitating assent of every reasonable mind' and the criminal definition of reasonable doubt." (*Ibid.*)

We agree with *Mattco Forge*. Its analysis is persuasive. We also, respectfully, question the use of "unequivocal" in dicta in *People v. Yovanov, supra*, 69 Cal.App.4th at page 402, *People v. Martin, supra*, 2 Cal.3d at page 833, footnote 14, and *People v. Caruso, supra*, 68 Cal.2d at page 190. "The term, 'unequivocal,' taken by itself, means proof that admits of no doubt, a burden approximating, if not exceeding, that used in criminal cases." (*Addington v. Texas* (1979) 441 U.S. 418, 432 [99 S.Ct. 1804, 1812, 60 L.Ed.2d 323], fn. omitted; see also Webster's 3d New Internat. Dict. (1981) p. 2494, defining "unequivocal" as "leaving no doubt.")

The key element of clear and convincing evidence is that it must establish a high probability of the existence of the disputed fact, greater than proof by a preponderance of the evidence. Our Supreme Court recognized the importance of this element in *In re Angelia P., supra*, 28 Cal.3d at page 919: " 'Clear and convincing' evidence requires a finding of high probability." More recently, our Supreme Court stated, "Evidence of a charge is clear and convincing so long as there is a 'high probability' that the charge is true. [Citations.]" (*Broadman v. Commission on Judicial Performance* (1998) 18 Cal.4th 1079, 1090 [77 Cal.Rptr.2d 408, 959 P.2d 715].) In support of its statement, the court cited *In re Angelia P., supra*, 28 Cal.3d at page 919, and BAJI No. 2.62. (*Broadman v. Commission on Judicial Performance, supra*, 18 Cal.4th at p. 1090.)

In *State v. King* (1988) 158 Ariz. 419 [763 P.2d 239], the Arizona Supreme Court considered an issue similar to the one confronting us. The defendant was charged with murder and claimed insanity as a defense. Under Arizona law, he was required to prove insanity by clear and convincing evidence. On appeal from his conviction, he contended that the jury instruction defining "clear and convincing evidence" established an unduly strict standard of proof. The instruction stated: " 'To be clear and convincing, evidence should be clear in the sense that it is certain, plain to the understanding, unambiguous, and convincing in the sense that it is so reasonable and persuasive as to cause you to believe it.' " (*Id.* at p. 241.)

In a unanimous decision, the Arizona Supreme Court held that the instruction was erroneous. (*State v. King, supra*, 763 P.2d at pp. 243-244.) The

court concluded: "The correct instruction would have apprised the jury that the clear and convincing standard is an intermediate standard, between proof beyond a reasonable doubt and proof by a preponderance of the evidence, and that clear and convincing evidence is evidence that makes the existence of the issue propounded 'highly probable.' [Citation.]" (*Id.* at p. 246.) The court rejected the argument that the "highly probable" standard of civil cases should not be applicable in criminal actions: "We see no good and much harm coming from adopting differing definitions of 'clear and convincing evidence' for use in civil cases . . . and cases involving criminal law. Nor do we find any authority for the proposition that the 'clear and convincing' standard is given a different definition in criminal cases than that followed in civil cases." (*Id.* at p. 242.)

The jury here was instructed that clear and convincing evidence demonstrates "a high probability of truth of the facts for which it is offered as proof," and that "[s]uch evidence requires a higher standard of proof than proof by a preponderance of the evidence." The jury was also given BAJI No. 2.60 defining "preponderance of the evidence." " 'Preponderance of the evidence' means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it." These instructions adequately explained the meaning of "clear and convincing evidence."

"Without an additional mandate from the Supreme Court or the Legislature, BAJI No. 2.62 remains a correct instruction. [Citation.]" (*Mattco Forge, Inc. v. Arthur Young & Co., supra,* 52 Cal.App.4th at p. 849.) We hold that BAJI No. 2.62 correctly defines the "clear and convincing" burden of proof necessary to satisfy the corroboration requirement of section 803, subdivision (g).

## Disposition

The judgment is affirmed.

Coffee, J., and Perren, J., concurred.