NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

SHERRI C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, T.O., *Appellees*.

No. 1 CA-JV 14-0193
FILED 12-09-2014

---

Appeal from the Superior Court in Maricopa County
Nos. JD27351 and JS12080
The Honorable Cari A. Harrison, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

---

COUNSEL

John L. Popilek PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**G O U L D**, Judge:

¶1        Sherri C. appeals from the juvenile court order revoking Sherri's permanent guardianship of T.O. ("Child").  For the reasons that follow, we vacate the revocation of Sherri's guardianship and remand for further proceedings.

## BACKGROUND

¶2        Sherri and her spouse, Scott C., were granted permanent guardianship of Child in November 2012.  Sherri and Scott, however, did not adopt Child.  In 2013, when Child informed Sherri that she had been sexually molested by Scott during Sherri's absence over the Labor Day weekend, Sherri immediately reported the incident to the police.  In light of the report, DCS filed a dependency petition, taking Child into temporary physical custody in early November 2013, and the court held a dependency trial in June.  DCS did not file a petition to revoke the guardianship.

¶3        At the conclusion of the dependency trial, in addition to urging the court to find Child dependent, DCS asked the court to revoke Sherri and Scott's permanent guardianship.  Although no written request to revoke the guardianship had ever been filed, there was no objection to this request.  The court granted the dependency; it found DCS proved the allegations of the dependency petition by a "preponderance of the evidence," namely, that Sherri failed to protect Child from abuse.  The court also stated, "I am going to order that the guardianship be revoked at this time as I believe that the statutes that apply to it would support the revoking or revocation of the guardianship."

¶4        Sherri timely appealed; she argues, among other things, that the court violated her due process rights when it revoked the permanent

guardianship because no petition to revoke had been filed in accordance with Arizona Revised Statutes ("A.R.S.") section 8-873.[1]

## DISCUSSION

**¶5**        Because Sherri did not raise this argument in the juvenile court, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005); *see also Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94, ¶ 22, 118 P.3d 37, 42 (App. 2005) (applying fundamental error review when party did not object to noncompliance with juvenile court rules of procedure). Fundamental error is "'error going to the foundation of the case, error that takes from the [party] a right essential to [her] defense, and error of such magnitude that the [party] could not possibly have received a fair trial.'" *Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607 (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). The complaining party bears "the burden of persuasion in fundamental error review," and "must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶¶ 19-20.

**¶6**        We find error. The guardianship statutes expressly require (1) that a petition to revoke the guardianship, alleging a significant change in circumstances, be filed; (2) that the court find, by clear and convincing evidence, that the alleged change actually exists; and (3) that the court find revocation is in the child's best interests. A.R.S. § 8-873. No such petition was filed, and no findings relevant to the revocation were made.

**¶7**        DCS argues that Sherri has not carried her burden to show resulting prejudice. However, the record makes the prejudice to Sherri clear. To revoke a permanent guardianship, the court must find, by clear and convincing evidence, a significant change in circumstances. A.R.S. § 8-873; *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 556, 944 P.2d 68, 71 (App. 1997) (requiring proof by clear and convincing evidence of a statutory ground for removal of a guardian). The court is also required to find that revocation is in the child's best interests. A.R.S. § 8-873.

**¶8**        In this case, the court did not make findings that clear and convincing evidence supported revocation; instead, the court vaguely stated the guardianship should be revoked because it "believe[d] that the statutes that apply to it [guardianship proceedings] would support the

---

[1]        Scott C. is not a party to this appeal.

revoking or revocation of the guardianship." The court based the revocation on its finding that a preponderance of the evidence showed Child was dependent, which was the incorrect burden of proof. *See State v. King*, 158 Ariz. 419, 425, 763 P.2d 239, 245 (1988) (finding misstatement of the burden of proof is fundamental error). "We will infer the necessary findings to affirm the superior court . . . only if the implied findings do not conflict with the court's express findings." *State v. Zamora*, 220 Ariz. 63, 67, ¶ 7, 202 P.3d 528, 532 (App. 2009). Here, because the court expressly applied the standard for a dependency hearing to the guardian revocation, we cannot infer the findings necessary to support its revocation of the guardianship.

**¶9**          Furthermore, the court did not consider statutorily required elements to support the revocation. Because the record is devoid of discussion of whether revocation of the guardianship was in Child's best interests, we cannot presume the court considered Child's best interests in the revocation. *See* A.R.S. § 8-873 (requiring proof that revocation is in the child's best interests); *see also Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17, 83 P.3d 43, 50 (App. 2004) (stating that appellate court will presume the juvenile court made every finding necessary to support the severance order "if reasonable evidence supports the order"). This is not a case of the juvenile court failing to expressly make a necessary finding that is nonetheless supported by the record. This is fundamental error and we must vacate the revocation of the guardianship.[2]

---

[2]          By vacating the revocation of the guardianship, we need not address Sheri's argument that DCS failed to prove the grounds for revocation by clear and convincing evidence. We also reject Sherri's argument that the guardianship could not be revoked without DCS providing services to Sherri. *See Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 557-58, 944 P.2d 68, 72-73 (App. 1997). Finally, we note the juvenile court's dependency finding and physical custody orders removing Child from Sherri's custody are not challenged on appeal and remain in place.

**CONCLUSION**

¶10 We vacate the order revoking Sherri's guardianship over Child and remand for further proceedings



Ruth A. Willingham · Clerk of the Court
FILED: gsh