NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

QUINN JESSE HARRISON, *Appellant.*

No. 1 CA-CR 18-0710
FILED 10-17-2019

Appeal from the Superior Court in Maricopa County
No. CR2018-117485-001
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Scott Boncoskey
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Chief Judge Peter B. Swann joined.

**T H U M M A**, Judge:

¶1     This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Defendant Quinn Jesse Harrison has advised the court that, after searching the entire record, he is unable to discover any arguable questions of law and filed a brief requesting this court conduct an *Anders* review of the record. Harrison was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and finds no reversible error. Accordingly, Harrison's conviction and resulting sentence are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2     In late March 2018, Harrison was terminated from his sales job. Harrison then began contacting D.W. and other employees of his former employer.[2] The group text messages Harrison sent to D.W. and other employees created such fear in the recipients that "people wouldn't come to [the] sales meetings because of the context of the text messages."

¶3     When the unwanted contact continued, D.W. obtained an injunction against harassment from the Scottsdale City Court against Harrison. Within an hour of being served with the injunction, Harrison sent D.W. a text message violating the injunction. Harrison reported that message to the Scottsdale Police. Despite a phone call from a Scottsdale police officer telling Harrison what the injunction prohibited, the text messages and phone calls continued. Harrison called D.W. 39 times after

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted).

[2] Initials are used to protect victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341 ¶ 2 n.1 (App. 2003).

being served with the injunction and eventually threatened to "[r]ape [D.W.'s] eye sockets."

¶4  Harrison was arrested and charged with one count of aggravated harassment, a Class 6 felony. *See* Ariz. Rev. Stat (A.R.S.) § 13-2921.01 (2019).[3] During a settlement conference, Harrison considered (but rejected) a plea offer that would have resulted in probation. Harrison moved to change counsel and represent himself, but ultimately withdrew the motion.

¶5  At a four-day jury trial in September 2018, three Scottsdale police officers, D.W. and the process server testified in the State's case in chief. The court admitted a redacted copy of the injunction for use with the jury and an unredacted copy for appellate purposes. After the State rested, the superior court denied Harrison's motion for judgment of acquittal. *See* Ariz. R. Crim. P. 20. Harrison did not testify, as is his right, and called no witnesses.

¶6  The superior court instructed the jury on aggravated harassment as well as the lesser-included offense of harassment. After deliberations, the jury was unable to agree on aggravated harassment and found Harrison guilty of the lesser-included offense of harassment, a Class 1 misdemeanor. At sentencing, the court ordered Harrison jailed for six months and awarded him 175 days of presentence credit. This court has jurisdiction over Harrison's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7  This court has reviewed and considered counsels' brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Searching the record and brief reveals no reversible error. The record shows Harrison was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The jail time imposed was within the statutory limit. *See* A.R.S. § 13-707(A)(1). Neither counsel, nor Harrison raised any issues on appeal.

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶8**        Although the unredacted injunction was admitted for appellate purposes only, during D.W.'s testimony, the State used the unredacted version. Harrison made no objection and it is unclear whether the jury saw anything other than page four (the certificate of service that was not altered in the redacted exhibit). Moreover, the record indicates only the redacted version of the exhibit was provided to the jury during deliberations. Because Harrison failed to object, this court reviews for fundamental error resulting in prejudice. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018). Harrison has not claimed, let alone shown, any prejudice. *See State v. King*, 158 Ariz. 419, 424 (1988) (requiring prejudice be shown when any unobjected-to error occurred at trial). Nor does the record show any reversible error caused by the State's use of the unredacted (as opposed to redacted) version of the injunction. *See* Ariz. R. Evid. 401, 403.

**¶9**        After the parties questioned D.W., the court asked him several questions submitted by jurors. When asked why he believed Harrison focused on him, D.W. answered "I hope [Harrison] takes the stand and we can ask him," adding "[g]et on the stand, Quinn. Tell us what I did." Immediately the court instructed the jury that "the decision of whether to testify is made by the defendant . . . and if the defendant chooses not to testify, then that's not to be considered by you in any way." The court's preliminary instructions to the jury also stated the defendant had a right not to testify. During final instructions, the court instructed the jury for a third time on the defendant's right not to testify. The jury is presumed to follow these instructions. *State v. Newell*, 212 Ariz. 389, 403 ¶ 68 (2006). Accordingly, this blurting answer is not reversible error.

**CONCLUSION**

**¶10** This court has read and considered counsels' brief and has searched the record provided for reversible error. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. From the court's review, the record reveals no reversible error. Accordingly, Harrison's conviction and resulting sentence are affirmed.

**¶11** Upon the filing of this decision, defense counsel is directed to inform Harrison of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 585 (1984). Harrison shall have thirty days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA