IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2013-0199-PR |
| | ) | DEPARTMENT B |
| Respondent, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| PIERRE BANDA, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF MARICOPA COUNTY

Cause No. CR2010133988001DT

Honorable Susanna C. Pineda, Judge

REVIEW GRANTED; RELIEF DENIED

William G. Montgomery, Maricopa County Attorney
  By Andrea L. Kever                                                        Phoenix
                                                      Attorneys for Respondent

Bruce Peterson, Maricopa Legal Advocate
  By Thomas J. Dennis                                                       Phoenix
                                                       Attorneys for Petitioner

K E L L Y, Presiding Judge.

¶1        Pierre Banda petitions this court for review of the trial court's order denying relief on all but one of the claims he raised in his of-right petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  He argues on review that,

because the protection of the statute of limitations is jurisdictional, the court erred in concluding he had waived the application of the statute to an offense to which he had pled guilty and for which the limitations period had elapsed. Banda additionally argues the court erred in rejecting his claim that trial counsel had been ineffective in failing to raise the statute of limitations before he pled guilty. We will not disturb the court's ruling unless it clearly has abused its discretion. *See State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). Banda has not met his burden of establishing such abuse here.

**¶2** Banda pled guilty to sexual conduct with a minor under the age of fifteen and two counts of attempted child molestation. The trial court sentenced him to a twenty-three year prison term on the conviction of sexual conduct with a minor under the age of fifteen and imposed lifetime probation on the attempted child molestation convictions.

**¶3** Banda sought post-conviction relief, arguing his guilty plea to one count of attempted child molestation was invalid because the limitations period within which he could be charged for that offense had expired; the imposition of lifetime probation for that conviction was improper; and, trial counsel had been ineffective in failing to raise the preceding claims. The state conceded the limitations period had lapsed as to one count of attempted child molestation and agreed that conviction and probation term should be vacated.

**¶4** The trial court, however, concluded Banda had waived any defense based on the applicable statute of limitations because he had not raised it before pleading guilty.

But the court agreed it was not permitted to impose lifetime probation for that count, vacated the term of probation, and scheduled a resentencing for that count. It rejected Banda's claim of ineffective assistance of counsel, concluding he "can show no prejudice" because his sentence had been corrected.

¶5 Banda sought reconsideration, arguing the trial court was not permitted to find he had waived the statute-of-limitations defense without giving him an opportunity to address that issue. He also asserted the court had "mischaracterize[d]" his claim of ineffective assistance of counsel by applying that claim only to the sentencing error. The court denied Banda's motion for reconsideration, and this petition for review followed.

¶6 On review, Banda first asserts the trial court violated his due process rights by concluding he had waived a statute-of-limitations defense without first giving him an opportunity to address that issue. Even if we agreed with Banda that the court's sua sponte waiver determination implicated due process concerns, any error plainly was harmless as Banda has had the opportunity both in his motion for reconsideration and this petition for review to argue the court erred in finding he had waived the defense. *Cf. State v. Pena*, 209 Ariz. 503, ¶ 15, 104 P.3d 873, 877 (App. 2005) (error harmless if "absent the error, the court would have reached the same result").

¶7 Banda next argues that, because the period prescribed by a statute of limitations is jurisdictional in Arizona, he is permitted to raise it pursuant to Rule 32.1(b), which permits relief if "[t]he court was without jurisdiction to render judgment or to impose sentence." He contends the trial court improperly "disagree[d]" with our decision

in *Taylor v. Cruikshank*, 214 Ariz. 40, 148 P.3d 84 (App. 2006), by determining "that a statute of limitations claim is not jurisdictional."

¶8      We agree with Banda that Arizona has adopted the minority rule that a statute of limitations implicates the court's jurisdiction and thus limits "the power of the sovereign to act against the accused." *Id. ¶* 9, *quoting State v. Fogel*, 16 Ariz. App. 246, 248, 492 P.2d 742, 744 (1972). But that does not mean Banda did not waive the protection of the limitations period under the statute by pleading guilty.[1] Banda's plea agreement stated that he waived "any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's judgment against him and imposition of a sentence upon him consistent with this agreement." Despite any jurisdictional implications, the statute of limitations remains an affirmative defense; the defendant is required to "present[] reasonable evidence that a statutory period has expired" before the state then must demonstrate "by a preponderance of the evidence that it has not." *Id.* And, our supreme court has stated that an affirmative defense may be waived. *State v. King*, 158 Ariz. 419, 425 n.6, 763 P.2d 239, 245 n.6 (1988), *citing*

---

[1]Banda asserted below that the seven-year limitations period prescribed by the version of A.R.S. § 13-107 in effect in 1996, the time of the relevant offense, applies, *see* 1997 Ariz. Sess. Laws, ch. 135, § 1, apparently because he had concluded the 2001 amendment to § 13-107(A), if applicable, would permit the state's 2010 prosecution, *see* 2001 Ariz. Sess. Laws, ch. 271, § 1. But, although the 2001 amendment provides that a prosecution for certain offenses enumerated in title 13, chapter 14 may be commenced at any time, that provision applies only to class two felonies. Banda's conviction was for a class three felony, for which there is a seven-year limitation period in both the former and current versions of § 13-107. *See* § 13-107(A), (B); 1997 Ariz. Sess. Laws, ch. 135, § 1.

4

*United States v. Wild*, 551 F.2d 418 (D.C. Cir. 1977) (concluding statute-of-limitations defense may be waived).

**¶9** Banda is correct that the court's statement in *King* that a statute-of-limitations defense may be waived is dicta. But it is consistent with "a plethora of courts" that have addressed that question. *State v. Jackson*, 208 Ariz. 56, ¶ 22, 90 P.3d 793, 799 (App. 2004) (collecting cases). And, despite Banda's contrary suggestion, the waiver of a statute-of-limitations defense is consistent with the general rule that the limitations period prescribed by statute implicates the court's jurisdiction over the person for that offense, but not subject matter jurisdiction. As this court explained in *Jackson*, the jurisdictional effect of the statute of limitations cannot be compared to subject matter or "territorial" jurisdiction. *Id.* ¶¶ 21, 23. Subject matter jurisdiction, unlike personal jurisdiction, cannot be waived and may be raised at any time. *Id.* ¶ 21. Thus, we concluded that, because the statute of limitations did not involve subject matter jurisdiction, the state was not required to "prove beyond a reasonable doubt that prosecution was timely commenced." *Id.* ¶ 23. It necessarily follows that, because the jurisdictional implications of the statute of limitations involve personal and not subject matter jurisdiction, the lapsing of the limitations period as a defense is subject to waiver.

**¶10** Our conclusion is bolstered further by the policy behind statutes of limitations. As we noted in *Jackson*, "[i]n general, 'a statute of limitations reflects a legislative judgment that, after a certain time, no quantum of evidence is sufficient to convict. And that judgment typically rests, in large part, upon evidentiary concerns—for

5

example, concern that the passage of time has eroded memories or made witnesses or other evidence unavailable.'" *Id.* n.5, 90 P.3d at 796 n.5, *quoting Stogner v. California*, 539 U.S. 607, 615 (2003). Such evidentiary concerns evaporate when a defendant admits as part of a guilty plea that he or she had committed the offense. And that policy justification does not implicate subject matter jurisdiction because it does not involve the court's "statutory or constitutional power to hear and determine a particular type of case," *State v. Maldonado*, 223 Ariz. 309, ¶ 14, 223 P.3d 653, 655 (2010), but instead only creates a legislative presumption that the state would be unable to prove a defendant's guilt beyond a reasonable doubt.

¶11 Finally, Banda asserts the trial court erred in summarily rejecting his claim trial counsel had been ineffective for failing to raise the statute of limitations before "allowing him to enter a plea agreement." "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, ¶ 21, 146 P.3d 63, 68 (2006).

¶12 By entering a guilty plea, a defendant waives all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the validity of a plea. *State v. Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993). But a defendant may obtain post-conviction relief on the basis that counsel's ineffective assistance led the defendant to make an uninformed decision to accept or reject a plea bargain, thereby making his or her decision involuntary. *See State*

6

*v. Ysea*, 191 Ariz. 372, ¶¶ 15, 17, 956 P.2d 499, 504 (1998); *State v. Donald*, 198 Ariz. 406, ¶¶ 9, 14, 10 P.3d 1193, 1198, 1200 (App. 2000). "To establish prejudice in the context of a plea agreement, a defendant must show a reasonable probability that except for his lawyer's error he would not have waived his right to trial and entered a plea." *Ysea*, 191 Ariz. 372, ¶ 17, 956 P.2d at 504.

¶13 Banda does not argue on review that he would not have entered the plea had he known a statute-of-limitations defense might have been available for one or more of the charged offenses, instead asserting only that counsel should have "rais[ed] the issue" before Banda pled guilty. And nothing in his petition below or accompanying affidavit suggests he would not have accepted the plea agreement. Notably, that agreement provided for the dismissal of four other charges of sexual conduct and sexual abuse, at least three of which clearly would not have been barred by the applicable statute of limitations.[2] *See* A.R.S. § 13-107. Thus, even assuming counsel had been ineffective, Banda has not shown prejudice. His claim of ineffective assistance of counsel therefore fails.

---

[2]In its ruling denying relief, the trial court stated that Banda "claim[ed] he would not have entered this plea . . . had he been advised that this crime was barred by the statute of limitations." But we find nothing in Banda's petition or reply filed below suggesting that was Banda's initial argument; he instead appears to have made this assertion for the first time in his motion for rehearing—and subsequently abandoned it in his petition for review. We can affirm the trial court's ruling for any reason supported by the record. *See State v. Olquin*, 216 Ariz. 250, n.5, 165 P.3d 228, 231 n.5 (App. 2007). In any event, even had Banda made this assertion in his petition, he provided no affidavit or evidence supporting it. *See Donald*, 198 Ariz. 406, ¶ 17, 10 P.3d at 1200 (to obtain post-conviction evidentiary hearing, defendant should support allegations with sworn statements).

**¶14**        For the reasons stated although review is granted, relief is denied.


                                        /s/ *Virginia C. Kelly*
                                        VIRGINIA C. KELLY, Presiding Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge


/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge*




*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Administrative Order No. 2012-101 filed December 12, 2012.