NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ALEXANDER DUANE ODETTE, *Petitioner.*

No. 1 CA-CR 19-0090 PRPC
FILED 9-10-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2016-124829-001
The Honorable Sherry K Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Alexander Duane Odette, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Chief Judge Peter B. Swann joined.

**T H U M M A,** Judge:

¶1          Alexander Duane Odette petitions this court for review from the summary dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. Having considered the petition for review, this court grants review but denies relief.

¶2          Odette pled guilty to sexual conduct with a minor and two counts of attempt to commit sexual conduct with a minor. Consistent with the parties' stipulations in the plea, the superior court imposed a slightly mitigated 19-year prison sentence on the completed offense and lifetime probation on the attempt convictions.

¶3          Odette timely sought post-conviction relief. After reviewing the file and conferring with Odette, appointed counsel found no colorable claim for relief. Odette proceeded as a self-represented litigant and challenged the indictment and grand jury proceedings. Odette also argued his sentence was improperly aggravated, a confrontation call recording was inadmissible, and ineffective assistance of counsel during plea and post-conviction relief proceedings. The State filed its response at 12:20 a.m. the day after it was due. Referring to the State's untimeliness, Odette unsuccessfully moved to preclude the response. The court later dismissed Odette's petition, and this timely petition for review followed.

¶4          This court reviews the summary dismissal of a post-conviction relief proceeding for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566 ¶ 17 (2006). Odette bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

¶5          Odette first challenges the denial of his motion to preclude the State's response. Although Odette generally complains that the court violated his constitutional rights by not precluding the untimely response, he cites no supporting authority, and he does not explain how the State's 20-minute tardiness prejudiced him. To the extent Odette asserts he was automatically entitled to post-conviction relief based on the State's late response, the law does not support that assertion. *See State v. Cawley*, 133 Ariz. 27, 29 (App. 1982) (noting State's failure to file a response "requires no explanation and the trial court is not bound to grant [relief to a petitioner] just because the State failed to respond").

¶6          The court also did not err in dismissing Odette's claims regarding the propriety of the indictment and grand jury proceeding. Because he pled guilty, Odette waived those challenges. *See State v. Moreno*,

134 Ariz. 199, 200 (App. 1982) ("[B]y entering a plea of guilty [petitioner] relinquished his right to assert on appeal all nonjurisdictional defenses, errors and defects occurring prior to the plea proceedings."), *disapproved of on other grounds by State ex rel. Dean v. Dolny*, 161 Ariz. 297 (1989); *see also United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (noting defects in an indictment are not "jurisdictional" and do not deprive a court of its power to adjudicate a case).

¶7          Similarly unavailing are Odette's claims of ineffective assistance of counsel based on a failure to challenge the indictment before the guilty plea. *See State v. Banda*, 232 Ariz. 582, 585 ¶¶ 12-13 (App. 2013) (guilty plea waives ineffective assistance of counsel claims except for those "that relate to the validity of the plea"); *State v. Quick*, 177 Ariz. 314, 316 (App. 1993) (ineffective assistance of counsel claim is limited to "matters directly relating to the entry of a guilty plea [not] allegedly deficient performance as to other aspects of the representation").

¶8          Because Odette fails to show the superior court abused its discretion by dismissing his petition, this court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3