NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

REYNALDO GRANADO, *Petitioner*.

No. 1 CA-CR 20-0299 PRPC

FILED 12-3-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2017-005574-001
The Honorable Dewain D. Fox, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Shelby Nicole Fuller
*Counsel for Respondent*

Reynaldo Granado, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**C A T T A N I**, Judge:

¶1 Reynaldo Granado petitions for review from the superior court's dismissal of his petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

¶2 In 2018, Granado pleaded guilty to sexual exploitation of a minor, a class 2 felony, and attempted sexual exploitation of a minor, a class 3 felony, both dangerous crimes against children. Consistent with the plea agreement, the superior court sentenced Granado to a less-than-presumptive term of 14 years' imprisonment, followed by lifetime probation.

¶3 Representing himself, Granado timely filed a notice of post-conviction relief. He argued that (1) the search warrant underlying the evidence against him was defective (which, he asserted, undermined other aspects of the case that relied on such evidence, including the indictment, the superior court's authority, and the sentence imposed) and (2) because a plea agreement is a contract, and thus civil in nature, his criminal defense attorney was not qualified to provide advice related to the plea, resulting in ineffective assistance of counsel. The superior court summarily dismissed the petition.

¶4 Granado petitioned for review, asserting grounds for relief based on ineffective assistance of counsel. We review the superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To show deficient performance relating to plea negotiations, the defendant must provide specific factual allegations, not just conclusory assertions, to show that counsel "(1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make

an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 16–17 (App. 2000).

**¶5** Here, Granado failed to state a colorable claim of ineffective assistance of counsel. Although he argues that he should have been advised by an attorney who practices civil law, he failed to cite any authority—and we are aware of none—for the proposition that criminal defense attorneys are not authorized or not qualified to advise clients with regard to plea agreements. Nor did Granado provide any factual allegations relating to counsel's advice or any allegation of resulting prejudice. And to the extent Granado argues that counsel's area of practice rendered his plea involuntary, the superior court questioned Granado in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and his responses to those questions support the finding that he entered into the plea knowingly and voluntarily. *State v. Hamilton*, 142 Ariz. 91, 93 (1984).

**¶6** Granado also asserts that his counsel was ineffective for failing to challenge the search warrant, causing fundamental error. But by pleading guilty, Granado waived any challenge to the validity of the search warrant or to counsel's decision not to contest the warrant's validity. *See State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *State v. Smith*, 184 Ariz. 456, 459 (1996).

**¶7** Accordingly, we grant review but deny relief.

