NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WINSTON TYA WATSON, *Petitioner*.

No. 1 CA-CR 21-0163 PRPC
FILED 12-28-2021

Petition for Review from the Superior Court in Coconino County
No. CR 2019-00718
The Honorable Ted S. Reed, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By William Ring
*Counsel for Respondent*

Coconino County Legal Defender's Office, Flagstaff
By Joseph A. Carver
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the court, in which Judge Michael J. Brown and Judge Paul J. McMurdie joined.

_____

H O W E, Judge:

¶1            Winston Tya Watson petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 33.1. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**FACTS AND PROCEDURAL HISTORY**

¶2            In 2019, Watson entered two plea agreements, pleading guilty to one count each of second-degree murder and felony shoplifting in CR 2018-00013 and one count of aggravated assault in CR 2019-00718. As set forth in the plea agreements, Watson agreed to serve an aggregate term of 36.5 years' imprisonment in the 2018 case and a consecutive aggravated term of 7.5 years' imprisonment in the 2019 matter. The superior court sentenced Watson in accordance with the stipulated terms.

¶3            In 2020, Watson sought post-conviction relief ("PCR") only in the 2019 case, and the superior court appointed PCR counsel. In his PCR petition, Watson asserted that he received ineffective assistance of counsel ("IAC") because trial counsel advised him to enter a plea agreement in the 2019 case that required him to serve "the longest possible sentence for a Class 5 felony" and therefore "conferred no benefit on him."

¶4            In response, the State provided a supporting affidavit from trial counsel, who avowed in part: (1) she represented Watson in both matters, and the plea negotiations in the 2018 case "were conducted in conjunction with plea negotiations" in the 2019 case; (2) the State agreed to allow him to "plea to Second Degree Murder so long as he served a stipulated 44-year prison sentence" in total; (3) avoiding a first-degree-murder conviction in the 2018 case was "contingent upon [him] stipulating to plead guilty to Count 1-Aggravated Assault with two historical prior felony convictions" in the later case; and (4) the plea agreements "resulted in [him] avoiding a life sentence." The State argued that despite Watson's contrary assertion, he had "received a significant

benefit because of defense counsel's representation" based on the global resolution of all his pending charges.

¶5         The superior court summarily dismissed Watson's PCR proceeding, finding that the petition "failed to raise a colorable claim pursuant to" Rule 33 and that the claims "fail[ed] to present a material issue of fact or law which would entitle [Watson] to relief." This petition for review followed.

## DISCUSSION

¶6         We will not disturb the court's ruling unless Watson establishes an abuse of discretion. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). He has not done so here. A review petition must include "reasons why the appellate court should grant the petition." Ariz. R. Crim. P. 33.16(c)(2)(D). "A party's failure to raise any issue that could be raised in the petition for review . . . constitutes a waiver of appellate review of that issue." Ariz. R. Crim. P. 33.16(c)(4); *see also State v. Carver*, 160 Ariz. 167, 175 (1989) (failing to argue a claim abandons and waives that claim).

¶7         In his petition for review, Watson acknowledges that trial counsel's affidavit sufficiently addressed the IAC complaints that he presented to the superior court, further explaining that "PCR counsel [first] learned of the legal connection between the two agreements" from the affidavit. Having so conceded, Watson neither reasserts his IAC claim nor otherwise argues that the superior court erred in dismissing his PCR proceeding. Therefore, given the absence of any challenge to trial counsel's effectiveness, we deem the argument waived.

¶8         Furthermore, we decline PCR counsel's alternative request "to review the record for possible error" under *Anders v. California*, 388 U.S. 924 (1967), then grant Watson 45 days "to file any pro se supplemental brief." As a threshold matter, because Watson did not raise this issue in the superior court, we need not consider it. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (limiting review to issues decided by the superior court); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988) (reviewing court does not consider even meritorious issues unless they were presented to the superior court). In any event, Arizona law does not require an *Anders* review in PCR proceedings. *State v. Chavez*, 243 Ariz. 313, 317–19 ¶¶ 12, 17–18 (App. 2017); *see also State v. Banda*, 232 Ariz. 582, 585 ¶ 12 (App. 2013) (pleading defendants waive "all non-jurisdictional defects and defenses, including [IAC] claims[,] . . . except those that relate to the validity of a plea").

**CONCLUSION**

¶9   Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA