NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PETER WILLIAM RUZZO, *Petitioner*.

No. 1 CA-CR 21-0095 PRPC

FILED 1-18-2022

Appeal from the Superior Court in Maricopa County
No. CR2016-122370-001
The Honorable Justin Beresky, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Peter William Ruzzo, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey, Judge Jennifer M. Perkins and Judge Maria Elena Cruz delivered the decision of the Court.

**PER CURIAM**:

¶1   Peter William Ruzzo petitions this court for review from the summary dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2   An FBI agent found evidence that an Internet Protocol ("IP") address in Arizona was transmitting images, over a peer-to-peer network, that depicted the sexual exploitation of minors. The FBI subpoenaed the appropriate Internet Service Provider ("ISP"), which disclosed that the IP address had been issued to Ruzzo at a Glendale location. Phoenix Police took over the investigation, determined that Ruzzo and his wife owned the Glendale property, and confirmed that an internet-enabled device at that address had obtained images depicting the sexual exploitation of minors over two months in 2016. Police also discovered that Ruzzo was a registered sex offender who had been previously convicted of a sex crime involving a minor in California.

¶3   Officers executed a search warrant at the Glendale address, where Ruzzo and his wife lived alone. An external hard drive connected to Ruzzo's computer contained hundreds of files with images and videos depicting the sexual exploitation of minors, as well as Ruzzo's resume and other documents indicating his ownership of the drive. Ruzzo's wife told police that she had seen images of what she believed to be minors in sexually exploitive positions on Ruzzo's computer. An officer submitted ten of the images for charging purposes, and Ruzzo was indicted on ten counts of sexual exploitation of a minor in violation of A.R.S. § 13-3553(A)(2).

¶4   Ruzzo accepted a plea offer under which he agreed to plead guilty to one count of sexual exploitation of a minor and two counts of attempted sexual exploitation of a minor. He stipulated to receiving a prison sentence of 15 to 24 calendar years for the completed count, to be followed by lifetime probation on the preparatory counts. Ruzzo admitted one prior felony conviction—the prior sexual offense involving a minor, which he had committed in 2003. Before accepting the plea, Ruzzo unsuccessfully sought a more lenient sentencing range. At the change-of-plea hearing, he agreed with the superior court that despite his efforts for a more favorable range, he and the court were both constrained by the plea's stipulation—Ruzzo, because he had agreed to it, and the court, because its

departure from the stipulated sentencing range would allow the State to withdraw from the plea.

**¶5**        Ruzzo pleaded guilty to the amended counts and admitted that he "knowingly possess[ed] a depiction of a minor . . . under 15 years of age" who was "engaging in exploitive exhibition or other sexual conduct." The superior court imposed the most lenient sentence consistent with the plea agreement: a less-than-presumptive term of 15 calendar years' imprisonment, to be followed by lifetime probation.

**¶6**        Ruzzo timely filed a notice requesting post-conviction relief, and the superior court appointed counsel to represent him. After Ruzzo's appointed attorney informed the court she could find no colorable claim to raise, Ruzzo submitted a petition for post-conviction relief *in propria persona*. He argued that his plea and sentence were based on insufficient or erroneous facts; his convictions were unlawfully treated as dangerous crimes against children; the evidence against him was unconstitutionally obtained; his convictions subjected him to double jeopardy and violated preemption principles; and his attorney provided ineffective assistance by not raising some of these issues. The superior court summarily dismissed Ruzzo's petition, occasioning our review.

## DISCUSSION

**¶7**        We review the superior court's summary denial of post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Because the court's decision in this case is supported by the law and the record, Ruzzo is not entitled to relief.

**¶8**        Ruzzo argues his plea was not supported by an adequate factual basis, which presents a constitutional question under Rule 33.1(a), because the State failed to prove he "knowingly" had dominion over, or shared, illicit images. But at the change of plea hearing Ruzzo expressly admitted to knowingly possessing, or attempting to possess, depictions of minors under 15 years old engaged in exploitive exhibition or other sexual conduct. *See* A.R.S. § 13-3553(A)(2). And the record supports Ruzzo's plea. *See State v. Falkner*, 112 Ariz. 372, 373 (1975) (confirming that "there is a factual basis for a plea of guilty if it is established by the total record of the case"). Ruzzo does not dispute that law enforcement agents found illicit images in his possession. Even if a forensic evaluation of his computer files called into question whether he had viewed many of those images, the forensic report did not suggest—much less establish—that Ruzzo had not viewed any of the images. Furthermore, his wife's statements corroborated

Ruzzo's knowing possession of illicit images. Accordingly, the record adequately supports Ruzzo's guilty plea.

¶9        Ruzzo also argues his sentence was unlawful under Rule 33.1(c). First, he asserts the sentence was impermissibly predicated on his having multiple prior felonies when he in fact admitted only one prior. The record of the sentencing hearing contradicts Ruzzo's claim. At the time of sentencing, the State argued that Ruzzo's admitted "prior"—i.e., in the singular—was the only aggravating factor. Before the superior court imposed a sentence, it stated that it had "taken into account the priors as an aggravating factor, the similar prior as an aggravating factor." The court's statement reflects that its initial reference to "priors" was a mistake—which it corrected—showing that it considered just the single admitted prior.

¶10        Ruzzo next contends he was unlawfully sentenced under the dangerous crimes against children statute, A.R.S. § 13-705, because he did not have "actual contact" with a victim under 15. His argument is futile because § 13-705 does not require direct contact between the defendant and the sexual exploitation victim. *See* A.R.S. § 13-705(R)(1)(g) (classifying "[s]exual exploitation of a minor" that is "committed against a minor who is under fifteen years of age" as a "[d]angerous crime against children"); *see also State v. McPherson*, 228 Ariz. 557, 560, ¶ 6 (App. 2012) (describing how possession of child pornography harms the "victim" depicted in the illicit image).

¶11        The superior court also acted within its discretion by rejecting Ruzzo's double-jeopardy claim. Ruzzo contends that 18 U.S.C. § 2252, the federal statute criminalizing certain activities relating to material involving the sexual exploitation of minors, preempts A.R.S. § 13-3553, the statute of conviction here. It follows, according to Ruzzo, that his convictions should be considered under 18 U.S.C. § 2252—which would implicate double jeopardy in Ruzzo's view given how the federal statute has been interpreted. Ruzzo's argument—albeit novel—does not withstand scrutiny. The federal statute does not expressly preempt any state laws on the sexual exploitation of minors. And "[t]he mere fact that state laws . . . overlap to some degree with federal criminal provisions does not even begin to make a case for conflict preemption." *Kansas v. Garcia*, 140 S.Ct. 791, 806 (2020). More to Ruzzo's point, the fact that 18 U.S.C. § 2252 has been interpreted differently in some respects than A.R.S. § 13-3553 does not show that the Arizona law has "frustrated any federal interests." *Id.* Because Ruzzo was prosecuted and punished just once for each of three separate offenses under A.R.S. § 13-3553, his convictions did not place him in double jeopardy.

**¶12**        Nor does Ruzzo merit relief on his claim of ineffective assistance of counsel. "By entering a guilty plea, a defendant waives all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the validity of a plea." *State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013) (citation omitted). Here, Ruzzo does not argue that his attorney's deficient advice induced him to accept a plea he otherwise would have rejected. *See id.* He contends, rather, that defense counsel could have negotiated a more favorable plea had counsel challenged the State's evidence against him—specifically, the constitutionality of the process that revealed his ISP subscriber information; the evidence Ruzzo knowingly possessed illicit images; the admissibility of his wife's inculpatory statements; and the use of Ruzzo's prior conviction, which was more than 10 years old.

**¶13**        Even assuming Ruzzo did not waive these arguments when he pled guilty, he still fails to raise a colorable claim. Defense counsel had no basis for raising a Fourth Amendment challenge because the acquisition of Ruzzo's ISP subscriber information was lawful. *See State v. Mixton*, 250 Ariz. 282, 284, ¶ 1 (2021) ("We hold that neither the federal nor the Arizona Constitution requires a search warrant or court order [to obtain a user's IP address or ISP subscriber information] and that law enforcement officials may obtain IP addresses and ISP subscriber information with a lawful federal administrative subpoena."). Because the forensic evidence against Ruzzo was consistent with his having viewed at least some of the illicit images found in his computer files—conduct that his wife's statements corroborated—he fails to show how his attorney's challenge to such evidence could have resulted in a better outcome. Ruzzo's argument that his attorney could have negotiated a better plea by challenging his wife's statements is too speculative to establish a colorable claim. *See State v. Santanna*, 153 Ariz. 147, 150 (1987) ("Proof of ineffectiveness must be to a demonstrable reality rather than a matter of speculation.") (citation omitted). Nor does Ruzzo present a colorable claim that his attorney should have challenged the superior court's consideration of his 2003 felony. Even if the prior felony were too old to be considered as a statutory aggravator under A.R.S. § 13-701(D)(11), nothing prevented the State from alleging, or the superior court from considering, the admitted prior under the "catch-all" aggravation provision. *See* A.R.S. § 13-701(D)(27). The record reflects that Ruzzo was appropriately sentenced. *See State v. Schmidt*, 220 Ariz. 563, 565–66, ¶¶ 7, 11 (2009) (holding a superior court may rely on a "catch-all aggravator" to sentence the defendant within a range that does not exceed the presumptive sentence).

**CONCLUSION**

¶14　　　　For the reasons stated above, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA