NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JONATHAN MICHAEL SCHOENHARDT, *Appellant.*

No. 1 CA-CR 21-0546
FILED 7-5-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201980631
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1 Jonathan Schoenhardt appeals his conviction and sentence for aggravated assault, arguing the superior court violated his constitutional right to present a complete defense by excluding his expert witness testimony. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 On appeal from a criminal conviction, we view the evidence in the light most favorable to upholding the jury's verdict and resolve all inferences against the defendant, *State v. Klokic*, 219 Ariz. 241, 242, ¶ 2 n.1 (App. 2008) (citation omitted), but we review precluded evidence in a light most favorable to its proponent, *State v. Castro*, 163 Ariz. 465, 473 (App. 1989).

¶3 Around lunchtime on October 2, 2019, the victim and his Son drove to pick up their truck from an auto mechanic's shop, Automotive Technical Services ("ATS"). The victim parked between two other parked vehicles. The victim and his Son then walked into the office, paid the bill, and left. Returning to his car, the victim discovered it was boxed in.

¶4 The victim walked back into the ATS office asking if anyone knew whose vehicle had parked behind him. Present in the office were ATS' owner, the owner's son, and the owner's minor granddaughter. ATS' owner spoke with Schoenhardt, an ATS worker, and asked him to move his vehicle because it was blocking a customer's vehicle. Schoenhardt was eating lunch at the time and said the customer could wait until he was done eating.

¶5 The victim walked back out, got into his vehicle, and began attempting to back out. The victim stopped when he saw Schoenhardt walk out of ATS towards him. Schoenhardt opened the door of his own vehicle, grabbed a pistol, walked to the passenger side window of the victim's vehicle, and pointed the pistol at the victim stating that he would shoot if the victim moved—at some point "chamber[ing] a round," making the gun "ready to be fired."

¶6          The victim said he was not going to move, and Schoenhardt put the pistol down, walked back and got into to his own vehicle with the pistol, and moved his vehicle. The victim and Son drove back to their office and the victim called the police. A patrol officer with the Cottonwood Police Department arrived at ATS around 1:53 p.m. The officer first spoke with Schoenhardt, who showed the officer the pistol in his vehicle, which the officer subsequently "cleared" to make safe—the pistol had a loaded magazine and a round in the chamber. While walking away from Schoenhardt's vehicle, the officer located a round of ammunition in the dirt, which matched the pistol he had just looked at.

¶7          The officer then walked the ATS property looking for other witnesses. He found a group of roofers who had been working at the property. The officer spoke to one individual who claimed to have observed some of the event. Schoenhardt also told the officer a staff member who had witnessed the incident would be returning shortly. Based on his communications with Schoenhardt and the roofing-worker, the officer thought he had enough information to believe a crime had been committed. The officer later retrieved the pistol from Schoenhardt's vehicle. After speaking with the victim and Son at their business later that same day, the officer arrested Schoenhardt at ATS for aggravated assault. The officer also spoke to ATS' owner and his son, who described the interaction between the victim and Schoenhardt while in the ATS office. The officer did not interview the owner's granddaughter.

¶8          After a four-day trial, a jury found Schoenhardt guilty of aggravated assault, a class 3 felony, and the court sentenced him to five-years' imprisonment. Schoenhardt testified at trial, arguing self-defense. The court precluded the admission of Schoenhardt's "use-of-force" expert witness testimony, deeming it irrelevant and otherwise a waste of time. Schoenhardt timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶9          Schoenhardt argues the court erred in excluding the admission of testimony from his use-of-force expert, a former police officer with 20 years law-enforcement experience, which he contends violated his constitutional right to present a complete defense. Schoenhardt's expert would have testified that: (1) Schoenhardt's pistol-display was an appropriate use of force given the situation and thus justified under Arizona law; (2) the victim was actually the aggressor and committed aggravated assault against Schoenhardt; and (3) the patrol officer

3

conducted a substandard investigation by failing to speak with the granddaughter of ATS' owner who was present when the victim entered ATS' office, and also failing to interview witnesses separately.

**¶10**        We review the superior court's preclusion of expert testimony for an abuse of discretion; an "error of law" in reaching a discretionary conclusion may constitute an abuse of discretion. *State v. Malone*, 247 Ariz. 29, 31, ¶ 7 (2019); *see State v. Jacobson*, 244 Ariz. 187, 190, ¶ 6 (App. 2017) (citation omitted). We review constitutional issues de novo. *Jacobson*, 244 Ariz. at 190, ¶ 6 (citation omitted). Because Schoenhardt raises this constitutional claim for the first time on appeal, we review for fundamental error only. *See State v. Abdi*, 226 Ariz. 361, 367, ¶ 26 (App. 2011); *State v. Wright*, 214 Ariz. 540, 542, ¶¶ 5, 13–14 (App. 2007); *State v. Escalante*, 245 Ariz. 135, 140–42 , ¶¶ 12–21 (2018). Schoenhardt therefore bears the burden of establishing that an error occurred, that the error was fundamental, and that the error caused him prejudice. *Escalante*, 245 Ariz. at 142, ¶ 21.

**¶11**        "[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation marks and citations omitted). The right to offer the testimony of witnesses is engrained in the right to present a defense. *Washington v. Texas*, 388 U.S. 14, 19 (1967). But a defendant's right to present testimony, as relevant here, is subject to restriction by application of reasonable evidentiary rules. *See U.S. v. Scheffer*, 523 U.S. 303, 308 (1998); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) (explaining a criminal defendant does not have an unfettered right to offer testimony that is otherwise inadmissible under standard rules of evidence). Our supreme court has implemented these principles in the Arizona Rules of Evidence.

**¶12**        Relevance is one such limitation on testimony. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ariz. R. Evid. 401. Such evidence is generally admissible. Ariz. R. Evid. 402. But even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ariz. R. Evid. 403. And, of course, no litigant has the right to admission of irrelevant evidence. Ariz. R. Evid. 402.

¶13        Although parties may offer expert witnesses—who are permitted to express opinions that embrace ultimate issues of fact—such experts are not allowed to opine as to their belief of guilt or innocence. *See* Ariz. R. Evid. 704 and cmt. to original 1977 rule; *State v. Lindsey*, 149 Ariz. 472, 475 (1986) ("The law does not permit expert testimony on how the jury should decide the case.").

¶14        Here, the question presented to the jury was whether Schoenhardt intentionally placed the victim in reasonable apprehension of imminent physical injury while using a deadly weapon or dangerous instrument as charged, and, even so, whether Schoenhardt acted in self-defense. *See* A.R.S. §§ 13-1203(A)(2), -1204(A)(2), and -404. Schoenhardt sought to introduce his expert's opinions, based on his 20 years of law enforcement experience and training, concluding that Schoenhardt's use of force was justified, and that the victim was the aggressor in the conflict. *See supra* ¶ 9. The court found this testimony irrelevant in assisting the jury in resolving whether the use-of-force by a lay-person against another lay-person was justified. *See* A.R.S. § 13-404; *State v. Salazar*, 182 Ariz. 604, 610–11 (App. 1995) ("Because jurors are capable of determining whether the use of force in self-defense is reasonable, expert testimony bearing on that issue is generally inadmissible."). We agree.

¶15        Neither Schoenhardt nor the victim was a law enforcement officer. Any insight on how a highly trained and experienced law enforcement officer reacts under the same facts was irrelevant and inadmissible. *See* Ariz. R. Evid. 401, 402. Also impermissible was the expert's opinion on how the jury should decide the case. *See Lindsey*, 149 Ariz. at 475. The court did not err in excluding the expert's first two irrelevant, impermissible opinions.

¶16        The court also found that the proffered expert testimony as to opinion three, *see supra* ¶ 9, "might be relevant to some degree" but would nonetheless be a "waste of time." Because this testimony would have been needlessly cumulative, the court properly excluded it. *See* Ariz. R. Evid. 403; *State v. Kennedy*, 122 Ariz. 22, 26 (App. 1979) (explaining cumulative evidence "merely augments or tends to establish a point already proved by other evidence") (citation omitted); *State v. Banda*, 232 Ariz. 582, 585, ¶ 13 n.2 (App. 2013) ("We can affirm the trial court's ruling for any reason supported by the record.").

¶17        At trial, the jury heard argument about the quality of the patrol officer's investigation. The officer also acknowledged he did not interview the minor granddaughter of ATS' owner who was present when

the victim entered ATS' office. The superior court properly excluded opinion three, as it was cumulative. The jury had heard testimony from the officer on good investigative practices, including that it was "good police practice" to separate witnesses during questioning to "corroborate their stories" and that in doing a "good job with an investigation," he would "want to talk to all the witnesses." *See* Ariz. R. Evid. 403; *State v. Soto-Fong*, 187 Ariz. 186, 199 (1996) ("The trial judge is afforded discretion to determine whether the probative value of relevant evidence is substantially outweighed by . . . considerations of . . . waste of time, or needless presentation of cumulative evidence.") (internal quotation marks omitted). Defense counsel also criticized the officer for not following these practices.

**¶18**        Schoenhardt shows no abuse of discretion or error in the court's preclusion of his expert witness testimony. *See Escalante*, 245 Ariz. at 142, ¶ 21 (explaining "the first step in fundamental error review is determining whether trial error exists"); *Malone*, 247 Ariz. at 31, ¶ 7. Moreover, Schoenhardt was not prevented from presenting a complete defense. The jury heard Schoenhardt's evidence and argument, including his alternative self-defense narrative. The jury ultimately found Schoenhardt guilty of aggravated assault against the victim. *See State v. Acuna Valenzuela*, 245 Ariz. 197, 216, ¶ 71 (2018) ("Any conflicting evidence is for the jury, as the finder of fact, to resolve.").

## CONCLUSION

**¶19**        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA