NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

NICHOLAS ANTHONY SAJOVIC, *Petitioner.*

No. 1 CA-CR 25-0226 PRPC

FILED 02-24-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2020-140159-001
The Honorable Stasy D. Avelar, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Nicholas Anthony Sajovic, San Luis
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

_____

C A T L E T T, Judge:

¶1        Nicholas Sajovic ("Sajovic") asks us to review the superior court's summary dismissal of his petition for post-conviction relief ("PCR"). We grant review but deny relief.

**FACTS AND PROCEDURAL HISTORY**

¶2        After a night of drinking, Sajovic drove the wrong way on the freeway and collided head-on with a motorcycle, killing its driver. Sajovic does not dispute these facts. Officers at the scene noticed Sajovic's "careless" demeanor, his slurred speech, and that his breath smelled of alcohol. Sajovic failed field sobriety testing and one hour after the collision, a breath test showed his blood alcohol concentration was 0.183%. A later blood test at booking showed Sajovic's blood alcohol concentration was 0.158%. Sajovic admitted driving the vehicle and consuming alcohol before the crash. Before the collision, police had received multiple calls about Sajovic's vehicle driving the wrong direction on the freeway.

¶3        The State initially charged Sajovic with second degree murder, endangerment, and aggravated DUI, but he later pleaded guilty to manslaughter and endangerment. Sajovic's initial counsel began representing him shortly after his arrest and through the plea-bargaining process. Different counsel represented him for sentencing.

¶4        On September 17, 2021, at an initial settlement conference, the court summarized the length of incarceration Sajovic may face if he opted to proceed with trial—ten to twenty-five years—and the range offered in the State's plea—twelve to sixteen years. Sajovic responded that he had no questions. No further discussion about the plea occurred on the record and the court scheduled another settlement conference for the following month.

¶5        On October 28, 2021, at a second settlement conference, the State outlined its reasons for the offered plea and the court clarified some of the plea's contents. There was no on-the-record discussion about whether Sajovic would enter into the plea agreement, but the court

indicated that copies of it were distributed and that after a break, the court would "move forward with the change of plea." After the parties and the court reconvened, the court asked Sajovic a series of questions—to which he responded affirmatively—to confirm he read the entire agreement, understood it, and was willingly entering into it. Sajovic then pleaded guilty to the two counts contained in the plea agreement. The plea agreement showed a printed date of September 17 but had been altered by hand to show the signing date of October 28.

¶6　　　　Over five months later, on April 8, 2022, the court sentenced Sajovic to an aggravated term of thirteen years' incarceration followed by three years of probation. The court explained the mitigating and aggravating factors it considered in imposing Sajovic's sentence.

¶7　　　　Sajovic timely filed his Notice Requesting PCR. Appointed counsel filed a notice of review, indicating that she had not identified any colorable claims for relief. Sajovic filed a pro se PCR under Arizona Rule of Criminal Procedure ("Rule") 33.1(a), arguing that his counsel's deficient communication prevented him from making an intelligent decision as to the plea, that counsel failed to adequately investigate his case, and that counsel "forced" him to sign the plea. He requested reconsideration of the plea or a change in sentence, or in the alternative, withdrawal from the plea.

¶8　　　　The superior court summarily denied Sajovic's PCR under Rules 33.2(a)(1) and 33.11(a) because he had entered a guilty plea and had not articulated sufficient facts showing counsel provided deficient performance.

¶9　　　　Sajovic petitioned for review. We grant review under A.R.S. § 13-4239(C) and Rule 33.16(a)(1), (4).

## DISCUSSION

¶10　　　　We review the denial of PCR for an abuse of discretion. *State v. Reed*, 252 Ariz. 236, 238 ¶ 6 (App. 2021). We review legal conclusions de novo. *Naranjo v. Sukenic*, 254 Ariz. 467, 472 ¶ 17 (2023). Summary dismissal of a PCR is required when the petition presents no "material issue of fact or law that would entitle the defendant to relief[.]" Ariz. R. Crim. P. 33.11(a).

¶11　　　　Sajovic argues that counsel failed to keep him apprised of discovery such that he had insufficient information about his case to knowingly or intelligently enter into the plea agreement. He also contends that counsel's investigation into his case was deficient, outlining the various things he would have done differently or that he asked his counsel to

investigate to no avail. Sajovic reiterates that counsel pressured him to sign the plea agreement and he did not have sufficient time to read the agreement or discuss it with counsel.

¶12    To prevail on an ineffective assistance of counsel claim, a defendant "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced [him]." *State v. Bennet*, 213 Ariz. 562, 567 ¶ 21 (2006); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A PCR filed after entry of a guilty plea is limited to ineffective assistance of counsel claims pertaining to the validity of the plea. *State v. Banda*, 232 Ariz. 582, 585 ¶ 12 (App. 2013).

¶13    If a defendant claims ineffective assistance for failing to investigate evidence or file pretrial motions, the defendant must establish that counsel's advice to plead guilty without having first pursued those actions "rendered that advice outside the 'range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson*, 411 U.S. 258, 268 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). And "[t]o establish prejudice in the context of a plea agreement, a defendant must show a reasonable probability that except for his lawyer's error he would not have waived his right to trial and entered a plea." *State v. Ysea*, 191 Ariz. 372, 377 ¶ 17 (1998), *superseded on other grounds by statute*, A.R.S. § 13-703.

¶14    In dismissing Sajovic's PCR, the superior court found that counsel's performance was not deficient. It found that counsel investigated Sajovic's claims and made the strategic decision to pursue mitigation evidence instead.

¶15    The court correctly concluded that counsel made a strategic decision to focus on mitigation for sentencing. Nothing in the record suggests more investigation into evidence of guilt or communication about discovery with Sajovic would have led to a reduced plea range or sentence. Sajovic does not identify any evidence his counsel could have discovered during additional investigation that likely would have changed counsel's advice and, thereby, the outcome. Given the overwhelming evidence that Sajovic was driving the wrong way on the freeway while severely intoxicated when he collided with the victim, counsel was not deficient for focusing on mitigation, and Sajovic has not established a reasonable probability that further investigation would have changed the outcome of his case. *See State v. Pandeli*, 242 Ariz. 175, 181 ¶ 6 (2017) (defendant must show more than that the error "'had some conceivable effect on the outcome of the proceeding'") (quoting *Strickland*, 466 U.S. at 693)). The superior

court did not abuse its discretion in rejecting Sajovic's ineffective assistance claim based on counsel's strategic decision to focus on mitigation evidence.

**¶16**      Sajovic also claims he was unaware going into the second settlement conference that there would be a change of plea and that counsel "forced" him to sign the plea agreement and refused to answer questions about it.

**¶17**      The Arizona Rules of Criminal Procedure contain detailed procedures for superior courts to follow when advising criminal defendants of the consequences of a guilty plea and in determining whether a plea is entered voluntarily and intelligently. *See* Ariz. R. Crim P. 17.2–17.3. To ensure plea agreements remain final, statements made during a plea hearing "carry a strong presumption of verity, and constitute a formidable barrier in a subsequent challenge to the validity of the plea." *State v. Leyva*, 241 Ariz. 521, 525 ¶ 12 (App. 2017) (cleaned up).

**¶18**      So a defendant seeking post-conviction relief based on a claim that a plea agreement was not entered voluntarily and intelligently because of ineffective assistance of counsel carries a heavy burden. The defendant must show "a reasonable probability that except for his lawyer's error he would not have waived his right to trial." *State v. Bowers*, 192 Ariz. 419, 424 ¶ 21 (App. 1998). And the claim "must be accompanied by an allegation of specific facts which would allow a court to meaningfully assess why that deficiency was material to the plea decision." *Id.* at 425 ¶ 25.

**¶19**      The record reflects that the plea was initially offered—both in print and with the court explaining the ranges—at the September 17 settlement conference. Over a month later—on October 28—Sajovic accepted the State's offer, which had remained unchanged since September 17, and changed his plea to guilty. The court complied with Rules 17.2 and 17.3 in accepting Sajovic's guilty plea. Sajovic affirmed he read the plea agreement, understood it, and had an opportunity to discuss it with counsel. Sajovic confirmed he understood the binding nature of the plea agreement and what rights he was giving up by entering it. Over five months later, the court sentenced Sajovic pursuant to the plea agreement. And Sajovic never sought to withdraw his guilty plea. *See* Ariz. R. Crim. P. 17.5 ("The court may allow a defendant to withdraw a plea of guilty or no contest if it is necessary to correct a manifest injustice.").

**¶20**      Sajovic's statements during his change of plea "carry a strong presumption of verity." *Leyva*, 241 Ariz. at 525 ¶ 12. Sajovic has not overcome that presumption. He did not allege specific facts supporting that

his counsel made an error material to his plea decision. *Bowers*, 192 Ariz. at 425 ¶ 25. He instead alleged only unsupported statements that counsel forced him to sign the plea agreement and refused to answer his questions. Those allegations are inconsistent with the timeline leading to his change of plea and sentence and with what he represented to the court. The superior court did not err in concluding that Sajovic failed to show "a reasonable probability that except for his lawyer's error he would not have waived his right to trial." *See id.* at 424-25 ¶¶ 21, 25 ("[A] Rule 32 hearing is not required on a claim of ineffective assistance of counsel when the petition offers only mere generalizations and unsubstantiated claims.").

**CONCLUSION**

¶21        We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR