NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*

*v.*

CHRISTOPHER ALLEN FIELDS, *Petitioner*.

No. 1 CA-CR 25-0294 PRPC

FILED 04-02-2026

Appeal from the Superior Court in Yavapai County
Nos. S1300CR202480005, S1300CR202480140,
S1300CR202480141, S1300CR202480148
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dennis M. McGrane
*Counsel for Respondent*

Christopher Allen Fields, Eloy
*Petitioner*

_____

## MEMORANDUM DECISION

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined.

_____

**W E I N Z W E I G**, Vice Chief Judge:

**¶1** Petitioner Christopher Allen Fields seeks review of the superior court's order denying his petition for post-conviction relief ("PCR"). We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Fields entered into a global plea agreement for four cases. He pled guilty to 11 crimes. The superior court sentenced him to 10.5 years in prison. He filed a PCR petition, which the court denied. Fields was prevented from timely petitioning this court for review, and the superior court allowed a delayed filing in the interest of justice.

## DISCUSSION

**¶3** Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). The petitioner bears the burden to establish that the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶4** Fields argues relief should be granted because he received ineffective assistance from counsel. Ariz. R. Crim. P. 33.1(a).

### I. Ineffective Assistance of Counsel.

**¶5** To prove ineffective assistance of counsel, a petitioner must (1) "demonstrate that counsel's conduct fell below an objective standard of reasonableness" and (2) "that he was prejudiced thereby." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 8 (2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). When it comes to plea negotiations, Fields must prove his lawyer either (1) gave erroneous advice or (2) failed to give information

necessary to allow the petitioner to make an informed decision whether to accept the plea. *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000). A defendant is entitled to an evidentiary hearing if they present a colorable claim for relief. *State v. Gutierrez*, 229 Ariz. 573, 578, ¶ 25 (2012).

### A. Objective Standard of Reasonableness.

**¶6** Fields argues that his attorney's conduct fell below an objective standard of reasonableness because he never received any police reports, witness statements, video or other evidence. To state a colorable claim, the petitioner must allege "specific facts which would allow a court to meaningfully assess why [counsel's] deficiency was material to the plea decision." *State v. Bowers*, 192 Ariz. 419, 425, ¶ 25 (App. 1998). The superior court found that Fields did not meet this burden because he (1) generally objected to a lack of disclosure, (2) never identified any particular police report, witness statement, video or other evidence, and (3) never explained how these disclosures would have changed his decision to enter the plea agreement. According to the court, "[s]uch generalizations and unsubstantiated claims do not establish that counsel's performance fell below any objectively reasonable standards." *See also State v. Borbon*, 146 Ariz. 392, 399 (1985) ("Rule 32 does not require the trial court to conduct evidentiary hearings based on mere generalizations and unsubstantiated claims that people exist who would give favorable testimony."). We find no abuse of discretion.

**¶7** To show deficient performance in the plea-bargaining process, the petitioner must prove that counsel's advice was either erroneous or that counsel failed to provide the necessary information for the petitioner to make an informed decision about whether to accept the plea. *Donald*, 198 Ariz. at 413, ¶ 16. He proves neither. The record shows Fields entered into the plea agreement knowingly, intelligently and voluntarily. The superior court found that counsel accurately provided the court with a factual basis for each of the ten counts. The court said that while counsel may have been confused as to the eleventh count, that "does not demonstrate his deficiency in this matter." We find no abuse of discretion.

### B. Prejudice.

**¶8** "To establish prejudice in the context of a plea agreement, a defendant must show a reasonable probability that except for his lawyer's error he would not have waived his right to trial and entered a plea." *State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013) (quoting *State v. Ysea*, 191 Ariz.

372, 377, ¶ 17 (1998) (superseded by statute on other grounds)).  As noted, the superior court questioned Fields separately for each count in each case and found that he entered the plea deal knowingly, intelligently and voluntarily.  Nothing in Fields' petition below suggests he would have rejected the plea agreement had there been disclosure and had every objection been preserved.  Fields has not shown prejudice.

## CONCLUSION

¶9        We grant review and deny relief.

